ALEXANDER J. HAWK, Plaintiff in Error, v. WILLIAM McCULLOUGH, Defendant in Error.

ERROR TO SCOTT.

The words "grant, bargain and sell" in a deed, amount to an *express* covenant that the grantor was seized of an indefeasible estate in fee simple in the premises conveyed, and also, covenant for quiet enjoyment of the vendee.

And a covenant of warranty in the deed, that the heirs, executors and administrators of the grantor shall defend, etc., does not qualify or narrow the covenant as expressed by the words "grant, bargain and sell."

A declaration which declares under a covenant contained in the words "grant, bargain and sell," and spreads out at length the purport of those words, as the statute declares them, is good.

A bill of exceptions taken to the overruling of a demurrer, is improper; the point saves itself; the judgment is part of the record.

THIS was an action of covenant. The declaration alleges that defendant granted certain real estate to plaintiff, and by his deed of conveyance, "covenanted with the plaintiff, among other things, that the premises conveyed as aforesaid, were free of all incumbrances, done or suffered from him, the said defendant, except the rents and services that were reserved"—that at the time of executing said deed, the said premises were in the possession of certain tenants of the defendant, whose tenancies did not expire till long after the delivery of said deed, and that said tenancies had been created by the defendant, and did not expire before the 1st of August, 1857—that said deed of conveyance was executed and delivered on the 20th of February, 1857. The declaration alleges that the contract of tenancy rested in parol; that plaintiff was not advised of the exact terms of the tenancies, and therefore could not pretend to state them with certainty; that plaintiff states them according to the best information he can gain upon the subject, but that the defendant is fully cognizant of the exact terms; declaration, however, does state that defendant, in the fall of 1856, rented the premises, by parol, to certain persons therein named, whose tenancies did not expire before the 1st of August, 1857, and that thereby the plaintiff was unable to have and to hold the said premises according to the form and effect of said deed; whereby the defendant has not kept but broken his covenant in this, "the premises were at the time of the execution and delivery of said deed subject to the tenancies aforesaid."

The defendant appeared, craved oyer of said deed, set it out in *hæc verba*, and demurred *generally* to the declaration. The deed thus set out contains, among other things, the following words, to wit: "That the said party of the first part, in consideration, etc., have granted, bargained, sold, released and

conveyed, and do by these presents grant, bargain, sell, release and convey to the said party of the second part, his heirs and assigns forever," the said real estate. " To have and to hold, etc. And the said party of the first part, for their heirs, executors and administrators, do covenant with the said party of the second part, his heirs and assigns, that they will and their heirs, administrators and assigns shall warrant and defend the same to the said party of the second part, his heirs and assigns, against the lawful demands of all persons."

The court, Woodson, Judge, presiding, sustained the demurrer to the declaration, to which plaintiff excepted, and abided by his declaration; whereupon the court rendered judgment in favor of defendant, that he recover of the plaintiff his costs.

The errors assigned are: the court erred in sustaining said demurrer to the declaration; and in rendering judgment against the plaintiff.

Knapp & Case, for Plaintiff in Error.

D. A. and T. W. Smith, for Defendant in Error.

Breese, J. The general principle is, where there is a conveyance, no covenant shall be added to it which is not expressed or which cannot be implied from the terms used. Our statute (Scates' Comp. 961,) provides that " all deeds, whereby any estate of inheritance in fee simple shall hereafter be limited to the grantee and his heirs, or other legal representatives, the words '*grant*,' '*bargain*,' '*sell*,' shall be adjudged an express covenant to the grantee, his heirs and other legal representatives, to wit: That the grantor was seized of an indefeasible estate in fee simple, free from incumbrances done or suffered from the grantor, except the rents and services that may be reserved, as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed; and the grantee, his heirs, executors, administrators and assigns, may, in any action, assign breaches as if such covenants were expressly inserted."

We have decided, (*Prettyman et al.* v. *Wilkey et al.*, 19 Ill. R. 242,) that the words grant, bargain, sell, amount only to a covenant that the grantor has done no act, nor created any incumbrance, whereby the estate granted by him could be defeated. In other words, to a covenant only against his own acts—a limited covenant simply, but, nevertheless, an express covenant; as much so, as any covenant can be, for it is so declared by the statute.

This being so, we do not well see, how the question made in the argument can arise, namely : Does an express covenant destroy an implied covenant ? The deed is set out on oyer, and it does not seem to contain any implied covenant, but contains the words " grant, bargain, sell," which are an " *express* " covenant that the grantor was seized of an indefeasible estate in fee simple, as also for quiet enjoyment by the grantee. The breach assigned is, that the plaintiff was unable to have and to hold the premises according to the deed, by reason that they were subject to certain unexpired tenancies, created by the grantor before the execution of the deed..

The covenant of warranty in the deed, it will be observed, is not by the grantor that he will warrant and defend the title, but he covenants for his heirs, executors and administrators, that they will, and their heirs, executors and administrators and assigns, shall warrant and defend the title against the demands of all persons. *Ruffner* v. *McConnell*, 14 Ill. R. 168. So that this covenant cannot qualify or narrow the preceding covenant as expressed by the words " grant, bargain, sell."

We think the legal effect of this covenant expressed by these words is properly set forth in the declaration. That by force of these words, there was an express covenant by the grantor, that the premises conveyed were free from incumbrances done or suffered by him.

The unexpired tenancies alleged to have been created by the grantor before the execution of the deed, and admitted by the demurrer, were incumbrances, and being so, were a breach of this covenant.

But at any rate, the covenants preceding, if they are implied covenants, and the covenants subsequent to the covenant against incumbrances, are not of the same import. Covenants respecting the general title may well consist with a restrictive covenant against incumbrances, and, taken together, the several covenants stand unconnected in sense and expression, and uncontrolled, the one by the other. Rawle on Cov. of Title, 379, note 1 ; *Sumner* v. *Williams*, 8 Mass. R. 162.

There is, in fact, no express covenant by the grantor that he will warrant and defend the title, and of course, the preceding covenant cannot be abrogated by it.

We understand that the case rests upon the covenant contained in the words " grant, bargain, sell," which the plaintiff in his declaration has spread out at length, as the statute declares their purport and meaning to be. This is a proper mode of declaring, and we cannot see in what the declaration is vicious. A good cause of action is legally and technically set forth, and as there are no covenants contradictory of, or inconsistent with those

expressed in the deed by the words "grant, bargain, sell," and the incumbrances are averred to have been created by the grantor himself, we do not see why the court sustained the demurrer. We think it should have been overruled.

We have been specially referred by the defendant's counsel, to the case of *Frink* v. *Darst,* 14 Ill. R. 304, as having a powerful bearing on this case. That case overrules the case of *Frisby* v. *Balance,* 2 Gilm. R. 144, and establishes the doctrine, that under a quit claim deed, a subsequently acquired title will not vest in the grantee under such deed. The language imputed to Mr. Justice Trumbull in his opinion in that case, is a quotation from the opinion of the Supreme Court of Missouri, and so designated by him. It does not seem to touch or affect this case in any manner, in the view we have taken of it.

We take occasion to repeat here, that an exception taken to overruling a demurrer is improper, for the point saves itself—it is a part of the record by the demurrer, and needs no bill of exceptions to place it there.

The judgment is reversed and the cause remanded.

*Judgment reversed.*