HART v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY APPELLANT.

**Rescission**: FRAUD: FAILURE OF TITLE. The courts will not decree the rescission of an executed contract for the sale of land, except on the ground of actual fraud. Mere failure of title in the grantor will not authorize such a decree.

*Appeal from Macon Circuit Court.*—HON. JOHN W. HENRY, Judge.

*James Carr* for appellant.

*Albert F. Foster* and *W. H. Sears* for respondent.

HOUGH, J.—On the 4th day of September, 1863, the defendant, in consideration of the sum of $192, conveyed to the plaintiff a tract of land in Macon county, by deed containing covenants of indefeasible seizin, against incumbrances and for further assurance. The plaintiff bought the land for the timber which was on it, and never inclosed, cultivated or improved it. He paid taxes on it, however, until about the year 1870, when he learned that one Gepson had bought the land as swamp land from Macon county, about the year 1852, and thereupon he discontinued the payment of taxes. The record fails to disclose any obstruction or

impediment to his free occupancy of the land. The testimony tended to show that the land was in fact swamp land, within the meaning of the act of Congress of September 28th, 1850. In January 1874, the plaintiff instituted the present suit, setting forth in his petition the sale aforesaid, the covenant for title, the want of title on the part of the defendant, the tender of a reconveyance, and prayed for a rescission of the contract and the restoration of the purchase money with interest. The parties tried the cause as if the plaintiff had sued the defendant for a breach of the covenant of seizin, and judgment was rendered for the amount of the purchase money and interest. Had it been such a suit, the plaintiff would only have been entitled to nominal damages, as no actual or constructive eviction was shown. But the suit was distinctly brought for a rescission of the executed contract of sale. The petition contained no allegation of fraud or misrepresentation of facts in relation to the title, and without such allegations a court of equity has no authority to grant the relief prayed. The vendee in such case must rely on the covenants contained in his deed. *Bumpus v. Platner*, 1 Johns. Chy. 213; *Abbott v. Allen*, 2 Johns. Chy., 519; *Gouveneur v. Elmendorf*, 5 Johns. Chy., 79; *Simpson v. Hawkins*, 1 Dana 303. There can be no rescission of a contract for the sale of land which has been executed by the delivery of conveyances and the payment of the purchase money, unless such contract has been tainted by actual fraud; nor would relief be afforded even on the ground of fraud, unless it were made a distinct allegation in the bill, so that it might be put in issue by the pleadings. *James v. McKernon*, 6 Johns. Rep., 543; *Patton et al. v. Taylor et al.*, 7 Howard, U. S., 159. It follows that the judgment of the circuit court must be reversed and the cause remanded. The other Judges concur, except Judge Henry, not sitting.

REVERSED.