WALTER P. DWIGHT

v.

LORING P. CHASE.

1.  FRAUDULENT MISREPRESENTATIONS—KNOWLEDGE.—It is the well
settled doctrine in this State that there must be knowledge of the falsity
of the statement to render it fraudulent.

2.  PLEADING—ALLEGATIONS.—The declaration alleged that the defen-
dant falsely, fraudulently and deceitfully represented to the plaintiff that
said business yielded $2,000 per annum, and was and had been worth that
much, etc., and there was an allegation that the said business was entirely
worthless.  This was not a sufficient traverse of the specific charges of fraud
contained in the count.  The denial must be by express contradiction in the
terms of the allegation traversed.

3.  STATEMENTS AS TO VALUE—WHEN THEY BECOME MATERIAL.—While
it is the general doctrine that a mere statement as to the value of property,
or as to its quality, are not evidence of legal fraud sufficient to justify a recov-
ery on that ground, the representation by defendant that his said business as
a real estate and loan broker was large and profitable, and that his income
therefrom was worth and yielded $3,000 per annum, admitted by the demurrer
to have been falsely and fraudulently made to deceive the plaintiff, and to
have been wholly untrue, was not the mere expression of an opinion about
the value of property.  It was the false assertion of the existence of a mate-
rial fact, a fact intangible in its nature, and the truth of which was peculiarly
within the knowledge of defendant, and by it plaintiff was deceived and
induced to part with his money.

APPEAL from the Circuit Court of McLean county; the Hon.
OWEN T. REEVES, Judge, presiding.

Mr. NEWTON B. REED, for appellant.

Messrs. BLOOMFIELD & HUGHES, for appellee; argued that
no action lies against a vendor for false statements in regard to
the value or good qualities of the property, and cited Nœtling
v. Wright, 72 Ill. 390; Hemmer v. Cooper, 8 Allen, 334; Man-
ning v. Albee, 11 Allen, 520; Saunders v. Hatterman, 2 Ired.
32; Cooper v. Lovering, 106 Mass. 79; Banta v. Palmer, 47
Ill. 99; Merwin v. Arbuckle, 81 Ill. 501; Miller v. Craig, 36
Ill. 109.

HIGBEE, P. J.  The declaration in this case contains two counts.  The first count is as follows: For that, whereas, heretofore, to wit: On the first day of December, A. D. 1876, the said defendant was a real estate agent and broker in Chicago, Illinois; and the plaintiff for a long time, to wit: four years' prior to the committing of the grievances as hereinafter mentioned, was a resident of Detroit, Michigan, and at the time said grievances were committed, was, to wit, twenty-one years of age. And prior to November, 1871, plaintiff had resided in Chicago, Illinois, where plaintiff was intimately acquainted with defendant, who, at the time, or a short time prior thereto, was the superintendent of Plymouth Church Sunday-school; and as such friend and sunday-school officer, the said defendant won the confidence of plaintiff, and when the plaintiff returned to Chicago, as aforesaid, after an absence of, to wit, four years, he supposed said defendant was an honest, truthful and reliable man, as he had prior to that time supposed him to be.  But at the time aforesaid, to wit: December 1st, 1876, the said defendant falsely and fraudulently represented to the plaintiff that he, the defendant, was doing a large and prosperous business as a real estate and loan broker, in Chicago, Illinois, and being desirous of disposing of one-half of his interest in said business, and the good will thereof, at, to wit, the time and place aforesaid, wrongfully and injuriously contriving and intending to deceive, defraud and injure the said plaintiff in this behalf, then and there falsely, fraudulently and deceitfully represented and asserted to the plaintiff that said defendant's income from his said business, was large and profitable, and yielded an income over and above all expenses of, to wit, $3,000 per annum; and that he, the defendant, had at said time, a large and profitable business, and the defendant's good will in said one-half interest in said business was easily worth $3,000.  And the said defendant, at the time aforesaid, further fraudulently and deceitfully represented to the plaintiff, with intent to injure, deceive and defraud him, that said defendant was the owner of lots twenty-two and twenty-three, block eighteen, in Irving Park, Cook county, Illinois, and that the said defendant at the time and place aforesaid,

Dwight v. Chase.

agreed with plaintiff that he, said defendant, would convey said lots to plaintiff if plaintiff would buy the said one-half interest in the said real estate business, and the good will thereof, for the said sum of $3,000. And said defendant, with intent to injure, defraud and deceive plaintiff, falsely, fraudulently and deceitfully represented to plaintiff that said lots were worth as much as $3,000, and could easily be sold for that sum at, etc., aforesaid; and the said plaintiff, confiding as aforesaid, in the said representations and assertions of the said defendant, at the special instance and request of the said defendant, bargained with him to buy of him one-half of the said defendant's interest in the said real estate business, and his good will in the same, for a certain sum, to wit: the sum of $3,000; and the said defendant, by then and there falsely, fraudulently and deceitfully pretending and representing to the said plaintiff that the said false, fraudulent and deceitful representations were true, then and there sold the said one-half interest in said business, and the good will thereof, to the said plaintiff, at and for the said sum of money, to wit: $3,000; and the plaintiff afterwards, to wit: on the day and year last aforesaid, paid the defendant the said sum of money for the same; whereas, in fact, the said defendant's one-half interest, and the said defendant's good will therein, have not, nor had they been, worth as much as one cent; but, on the contrary, were entirely worthless, and the said defendant did not own said lots, nor did he convey the same or any other lots to plaintiff, nor were said lots at that time worth $3,000; but, on the contrary, were not worth over $500, as the defendant well knew at the time he made his said false and deceitful representations. And the said plaintiff further says, that the said defendant, by means of the promises at the time and place aforesaid, falsely and fraudulently deceived the said plaintiff in the said sale, and the said business was and still is worthless and of no value to the plaintiff; and wherefore the plaintiff hath suffered great trouble and damages, to the amount of $6,000, and therefore he brings this suit, etc."

To this declaration, and each count thereof, a general demurrer was filed, and sustained by the court below.

Plaintiff brings the case here by appeal, and assigns for error the decision of the court below in sustaining the demurrer to each count of his declaration.

The material allegations in the second count are that the defendant falsely, fraudulently and deceitfully represented to plaintiff that the income from the said business yielded $2,000 per annum, and was and had been worth that much, and that a half interest and the good will of the same was worth $3,000.

The general allegation that "the said business was entirely worthless," is not a sufficient traverse of the specific charges of fraud in the count.

The denial must be by express contradiction in terms of the allegation traversed. Stephen Pl. 154; 2 Chitty Pl. 688. The demurrer was properly sustained to this count. The only remaining question is as to the sufficiency of the first count. This count is copied from 2 Chitty's Pl. p. 688, and was adopted and sustained in Dobell v. Stephens, 3 B. & C. 623.

In Paisley v. Freeman, 3 T. R. § 1, Justice Buller says: "That fraud without damage, or damage without fraud, gives no cause of action, but where these two concur an action lies;" and that "if a man will wickedly assert that which he knows to be false, and thereby draw his neighbor into a heavy loss, the law should compel him to pay for it."

This language was quoted approvingly by the court in Benton v. Pratt, 2 Wend. 368, and in Upton v. Vail, 6 Johnson, 181. Kent, C. J., quotes Paisley v. Freeman as standing upon the clearest principles of jurisprudence, and adds: "But independent of the English cases, I place my opinion upon the broad doctrine that fraud and damage coupled together will sustain an action." These cases are cited and approved by Mr. Justice Breese, in Weatherford v. Fishback, 3 Scam. 170.

In Culver v. Avery, 7 Wend. 380, the same doctrine was held, and that there was no distinction whether the false representations relate to real or personal property; and in Monell & Weller v. Colden, 13 Johnson, 396, a recovery was had in case for fraudulent representations on sale of land, that a certain privilege was connected with it.

In Medbury et al. v. Watson, 7 Metc. (Mass.) p. —, the case

Dwight v. Chase.

of Paisly v. Freeman, is quoted and approved by the court in the following language: "This case though much contested, and though often attempted to be shaken, has received the sanction of successive decisions in Westminister Hall and in the courts of different States in this country."

It is true that the municipal law does not apply the rule of the moral law, that we should do unto others as we would that they should do unto us, to commercial transactions, nor does it lay down any certain definitions of fraud to apply in all cases.

But while it tolerates a certain amount of selfish cunning, it will not permit it to be carried to the extent of justifying one in wickedly and knowingly making false and fraudulent representations about material facts to deceive the unwary to their damage.

It is admitted by the demurrer in this case that the defendant, with intent to defraud and deceive plaintiff, falsely, fraudulently and deceitfully represented and asserted to him that the income from his said business was worth and yielded $3,000 per annum, clear of all expenses, and that the one-half interest was worth $3,000; and that the plaintiff confiding in these representations, was thereby induced to purchase the one half interest in his said business and pay $3,000 therefor; whereas, in fact, the said business was not, nor had it been worth as much as one cent, as defendant well knew when he made said representations.

Here is a case where the willful fraud of the defendant results in damage to the plaintiff. But it is urged by defendant's attorneys that there can be no recovery, because the representations were of the value of the property to be sold, and that even if false, no action can be maintained therefor; and numerous authorities are cited to sustain this position.

We admit the doctrine to be well settled that the mere statement of the vendor as to the value of property, real or personal, or as to its qualities, or what he paid for it, or has been offered for it, are not evidence of legal fraud to justify a recovery. One of the reasons given for it is, that it is mere matter of opinion only, about which persons may well differ.

Another reason given is, the difficulty of proving a mere statement of opinion to be false, for no one can know what another thinks with any certainty, unless the opinion is of some tangible matter of fact plainly before one's eyes, and then it would generally be falsehood as to fact. 2 Parsons on Contracts, 778.

Again, in the sale of real or personal property, the vendor has the right to exalt the value of his own property and depreciate that of the purchaser, and when the purchaser has it in his power to examine the property, he must ordinarily do so, and judge of its value for himself; and in all such cases, in the absence of a fraud, the rule of *caveat emptor* applies. These rules, however, are not applicable to this case. This was not the purchase of tangible property which could be inspected by the plaintiff. It was the purchase of one-half of the defendant's business as a real estate and loan agent.

As determining the value of the business, it was material for him to know what the yearly income from it had been and was then. This important fact was peculiarly within the knowledge of the defendant. He alone could give correct information upon the subject, and the plaintiff was not guilty of negligence in relying upon his representations upon the subject. Lyney v. Selby, 2 Ld. R. 1118, was an action on the case to recover for deceit. Defendant had sold to plaintiff a lease, and pending the treaty he falsely and fraudulently represented to the plaintiff that the premises were demised at the yearly rent of 68*l*., to which representation plaintiff gave credit and purchased for 105*l*.; whereas, the premises were in fact demised at a yearly rent of only 52*l*. 10*s*. Holt, C. J. said: "If the vendor gives in a particular of the rents, and the vendee says he will trust him and inquire no farther, but rely on his particular, then if the partiuclar be false, an action will lie."

Gould, Justice, said the "value of the rents was a thing hard to be known, and in secret known to none but the landlord and the tenants, and they might be in confederacy together." Plaintiff recovered his damages.

In Dobell v. Stephens, 3 B. & C. 623, the facts were that the defendant kept a public house, and was possessed of a lease of the house for a term of years, and the plaintiff being in treaty

Dwight v. Chase.

with the defendant to purchase his interest in the house, the defendant falsely represented to plaintiff that the receipts for the spirits sold in the house had been and then amounted to the sum of 160*l.* per month; that the quantity of porter sold in the house amounted to seven butts per month; that two rooms in the house rented for 27*l.* per annum, etc., by means of which false representations plaintiff was induced to buy, etc. The declaration then averred that each of the particular statements were false, etc. The court held the action well brought, and plaintiff recovered his damages.

This case is quoted and approved by the Supreme Court of Indiana, in Shaeffer v. Sleade et al. 7 Black. 178, where it is said by the court: " At law an action may be maintained for false representations made by a vendor to a purchaser of matters within the peculiar knowledge of the vendor, whereby the purchaser is injured."

The case of Bowing et al. Stephens, 2 C. & P. 337, was an action on the case against defendant for falsely and fraudulently representing that a certain public house sold by him to plaintiff was doing a business of 300*l.* a month. Plaintiff recovered his damages. In the ensuing Michaelmas term, a new trial was asked for and refused.

In Hutchinson v. Morley, 7 Scott, 341, it was held, that " a contract for the sale of a public house is avoided by a false representation by the vendor as to the amount of the business attached to the house, though the agreement expressly excludes good will." Fraudulent misrepresentations of particulars in relation to the estate, which the buyer has not equal means of knowing, and where he is induced to forbear inquiries that he otherwise would have made, are not to be viewed in the light of assertion *gratis dicta;* and therefore, where damage ensues, the party guilty of the fraud will be liable for the injury sustained. Medbury v. Watson, 7 Metc. *supra.* Kerr, in his work on the law of Frauds and Mistakes, p. 85, says:

" The difference between a false averment in matter of fact, and a like falsehood in matter of judgment, opinion and estimate, is well illustrated by familiar cases in the books. If the owner of an estate affirm that it will let or sell for a given sum,

when, in fact, such sum cannot be obtained for it, it is, in its own nature, a matter of judgment and estimate, and so the parties must have considered it. But if an owner falsely affirm that an estate is let for a certain sum, when it is, in fact, let for a smaller sum, or that the profits of a business are more than, in fact, they are, and thereby induces a purchaser to give a higher price for the property, it is fraud, because the matter is within the private knowledge of the owner."

The distinction between mere expressions of opinion and false affirmations of material facts, is well taken by Justice Breese, in the case of White et al. v. Sutherland, 64 Ill. 187. It was a bill to foreclose a mortgage. The defense was that the land was purchased by appellant on the faith of representations made as to material facts, and relied upon by defendant, etc. The learned justice says : " Appellant's counsel claim that the misrepresentations complained of were merely expressions of opinion, on which it was the folly of appellant to rely. He should have examined for himself, and authorities are cited in support of this proposition, which we are not disposed to question. But were they mere expressions of opinion? For this is the turning point of the case.

" Was it the expression of an opinion merely, that twenty dollars per acre was the selling price of similar lands in that locality? The proof is overwhelming that it did not exceed ten dollars per acre. Was it mere opinion that the fence around forty acres was a good fence, sufficient to turn stock? Was it mere opinion there were rails enough to fence another forty acres? Was it mere opinion there was timber enough on the land to fence the entire tract? No! these were not expressions of opinion, but deliberate statements of facts. They were false statements, known to be so by the party making them, and made to induce an act which would not have been done in the absence of such statements."

With equal propriety we may ask in this case: Was it mere opinion that the income from defendant's business, as a real estate and loan broker, was worth and yielding $3,000 per annum clear of all expenses? The income derived from the business was the controlling fact to induce plaintiff to make

Dwight v. Chase.

the purchase. It was a fact peculiarly within the knowledge of defendant, and when applied to by plaintiff for information, he admits, by his demurrer, that he knowingly and purposly deceived him by false representations, and thereby obtained his money, which he could not otherwise have gotten.

But we are referred by defendant's counsel to the case of Noetling v. Wright, 72 Ill. 390, as decisive of this case.

We think that a careful examination of that case will show that this opinion is not in conflict with what is there decided.

That case was an action on the case, to recover damages for deceit and misrepresentation on the sale of certain real estate and drugs, and the practice and good will of a physician.

The declaration contained six counts, to each of which a demurrer was sustained, and the question presented to the Supreme Court was as to the sufficiency of the declaration.

It was alleged in the first count, that the defendant made a false representation of the value of his property, practice and good will as a physician; that plaintiff relying on the representations, was induced to purchase the property and practice, and they were worth much less than represented.

In the second count, misrepresentation in the value of the real estate sold as charged. In the third count, a sale of property of the value of $500 and the practice and good will of a physician are alleged to have been sold for $2,500; that the defendant represented his practice as worth from $3,500 to $6,000 per annum; that these representations were relied upon and were false; that the good will and practice were of no value.

The court, in an opinion by the present chief justice, held these counts bad, and said: " Statements made by a vendor of property, as to its value, or the price he has been offered for it, or the good qualities of the property, are of daily occurrence in the sale and transfer of real and personal property in all commercial countries, and yet it has never occurred to any respectable law writer that if such statement should prove to be false, an action for deceit could be maintained."

" Statements of this character do not relieve the purchaser from the responsibility of investigation into the true condition

or value of the property.   Such statements are only regarded as *gratis dicta*.   These counts simply allege that the representations were false, and that the plaintiff relied upon them, and was deceived.   This has never been held to be sufficient to support an action.   There is no allegation that the representations were made with fraudulent intent to deceive, or that the party making them knew them to be false, and for aught that appears he may have made them in the utmost good faith, believing them to be true at the time."

It is the well settled doctrine of the Supreme Court of this State, that there must be knowledge of the falsity of the statement, to render it fraudulent.  Tone v. Wilson et al. 81 Ill. 529, and cases there cited.

That such was the view of the court, will more fully appear when we consider what is said in reference to the next count.

The fourth count alleges the representations as to the value of the property, practice and good will sold to have been false, and fraudulently made, with the intent to deceive the plaintiff, etc.; that plaintiff relying upon the representations, purchased, etc.

It also avers that defendant agreed to relinquish his practice in the neighborhood as a physician; but that he violated his agreement and resumed practice, etc., and claims damages for the deceit practiced upon him, and for the violation of the contract to refrain from practice.

It was held that two causes of action were blended in the same count, and the demurrer properly sustained to it for that reason.

The real question presented in this record was not presented in the case of Noetling v. Wright, and therefore not passed upon by the court.

The representation by defendant that his said business as a real estate and loan broker was large and profitable, and that his income therefrom was worth and yielded $3,000 per annum, admitted by the demurrer to have been falsely and fraudulently made, to deceive the plaintiff, and to have been wholly untrue, was not the mere expression of an opinion about the value of property.   It was the false assertion of the existence of a material fact, a fact intangible in its nature, and the truth of which

was peculiarly within the knowledge of the defendant, and by it plaintiff was deceived and induced to part with his money.

We think the court below erred in sustaining the demurrer to the first count of plaintiff's declaration, and for that reason the judgment is reversed and the cause remanded, with leave to plaintiff to amend the second count of his declaration.

Reversed and remanded.