## JAMES R. WARD

### v.

### THOMAS LUNEEN.

*Conveyances—Deceit as to Title—Action on the Case—Defective Declaration—Fraud—Necessary Averments—Demurrer.*

1. A deceit, as to title, in a pretended sale of lands, to support an action on the case, must be an actual fraud involving the use of known and positive falsehood, or the suppression of known truth amounting to a falsehood, in respect of some matter of fact, and be material as an inducement to the conduct of the party deceived.

2. An allegation, in general terms, that the defendant fraudulently executed a deed, or fraudulently induced the plaintiff to accept it, is not a sufficient allegation of fraud. The facts constituting the fraud relied on must be set forth in the declaration.

3. A general assertion of title is not such a representation of fact as is required to be alleged and proved to sustain an action of deceit.

[Opinion filed June 14, 1887.]

APPEAL from the Circuit Court of Greene County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. JAMES R. WARD and FRANK A. WHITESIDE, for appellant.

Messrs. WITHERS & HENSHAW, for appellee.

PLEASANTS, J. The only question in the record is upon the sufficiency of the declaration, to which the Circuit Court sustained a general demurrer, and thereupon rendered judgment for the defendant.

It contains but one count, which avers that the defendant, on May 10, 1884, "wrongfully and unlawfully bargained, sold and warranted to the plaintiff, the fee simple title" to lots 91 and 92, of the original town of Carrollton, for $7,500, payable, according to the terms of plaintiff's note then given therefor, on or before June 1, 1884; that he then and there "made,

Ward v. Luneen.

acknowledged and delivered to the plaintiff his warranty deed of conveyance, in fee simple, of the said real estate, and then and there wrongfully, unlawfully and fraudulently induced the plaintiff to take and accept said deed of conveyance, and to part with and to deliver to defendant the promissory note in consideration and. payment thereof; * * * and that the defendant did not own and had no lawful authority to bargain, sell, convey and warrant to the plaintiff, as aforesaid, the fee simple title to said real estate, as the defendant then and there well knew."

It then proceeds to state at length that upon discovering, shortly afterward, for the first time, that defendant had no title, he informed him thereof, tendered a reconveyance, and demanded the return of his note, "but the defendant then and there wrongfully contriving to injure and defraud the plaintiff, and to enforce the payment of the said note by the plaintiff, wrongfully, unlawfully and fraudulently refused," by means whereof the plaintiff was compelled, at great expense, to prosecute a bill in chancery against him for injunction and other relief, in the Circuit Court, and also in the Appellate Court, where the decree in favor of plaintiff was affirmed; that upon the rendition of said decree he made a like tender and demand, as before stated, which was in like manner as before refused; and again upon its affirmance; and that the defendant, persisting in such refusal, afterward sold and conveyed said lots to other parties named, and converted said note to his own use.

Manifestly the cause of action counted on was not conversion of the note, but deceit, as to title, in the pretended sale of the lots.

Such deceit, to be a good cause of action, must be an actual fraud involving the use of known and positive falsehood, or the suppression of known truth, amounting to falsehood, in respect to some matter of fact, and be material as inducement to the conduct of the party deceived thereby. Merwin v. Arbuckle, 81 Ill. 501; Budlong v. Cunningham, 11 Ill. App. 28.

We think this declaration fails to state sufficiently such a case. It does not set forth .with certainty to a common intent any particular fact or matter of fact, in relation to which

it avers that any false representation was made, or the plaintiff was deceived. The terms "wrongfully" and "unlawfully," used to characterize the execution of the deed, and the further term "fraudulently," applied to the act of inducing its acceptance, do not add materially to the averment of what was done. The facts supposed to have made it unlawful, wrongful or fraudulent should have been stated, unless the acts were such as of themselves necessarily imported these qualities. Mr. Chitty says: "The words 'duly,' 'lawfully,' 'sufficient,' etc., without showing the matter of fact with convenient certainty, are seldom of avail in pleading." 1 Ch. Pl. (marg.) p. 236. In Slack v. McLagan, 15 Ill. 242, 249, it was said that "to hold it to be a sufficient allegation of fraud to allege in general terms that certain fraudulent representations were made  *  *  *  is not sustainable upon the principles of pleading or of justice. The facts constituting the fraud should be set forth." To the same effect are Beatty v. Nickerson, 73 Ill. 605; Hopkins v. Woodward, 75 Ill. 62. In Roth v. Roth, 104 Ill. 35, 47, Mr. Justice Mulkey, delivering the opinion of the court, said: "It is not sufficient, as it has often been held by this court, for the purpose of successfully assailing a transaction on the ground of fraud, to charge fraud generally; but the complaining party must state in his pleading, and prove on the trial, the specific acts or facts relied on as establishing fraud." Then the allegation, in general terms, that the defendant fraudulently executed a deed, or fraudulently induced the plaintiff to accept it, is not a proper allegation of fraud.

Thus the entire substance of the declaration is comprised in the statements, (1) that for a valuable consideration the defendant bargained, sold and warranted to the plaintiff the fee-simple title to the lots described, and executed his warranty deed of conveyance thereof in fee simple; (2) that he did not own them nor have any lawful authority thus to bargain, sell, convey and warrant them, and (3) that he knew he did not own them or have such authority.

These statements fail to show any representation whatever, true or false, respecting any matter of fact, unless a general assertion of title is such a representation, and the one first above given sufficiently avers such assertion.

We are inclined to hold against both these propositions. The declaration, in all its averments, is to be taken most strongly against the plaintiff. It does not purport to set out the language of the deed, nor state with certainty its legal effect. The clearest phrase is he "warranted to the plaintiff the fee-simple title." But against whom or what did he warrant it? It is said he "bargained and sold" the lots. But whether the deed contained any express covenant or what were the words of conveyance, does not appear. If they were "bargain" and "sell," the statute declares their effect to be that of a covenant that the grantor was seized of an indefeasible es ate in fee simple, free from incumbrances done or suffered from him, as also for quiet enjoyment against him, his heirs and assigns (R. S. 1874, Chap. 30 Sec. 8); which is held to be only a covenant against his own acts. Prettyman v. Wilkey, 19 Ill. 242; Hawk v. McCollough, 21 Ill. 220. Such a covenant is a warranty, and a deed containing it a warranty deed. But if the defendant represented no more than "that he had done no act, nor created any incumbrance, whereby the estate granted by him could be defeated," he asserted no particular interest, nor title generally. Nor would the averments that he had no title and knew he had none, be a traverse of that representation; and for that reason also the declaration would be bad. Slack v. McLagan, 15 Ill. 242, 249; Dwight v. Chase, 3 Ill. App. 67; Stephen Pl. 154; 2 Chitty Pl. 688. Thus we have only the conclusion of the pleader, and that uncertainly stated, as to the representations expressed or implied by the conveyance, and no averment that any other was made.

Nor is a general assertion of title, if it had been properly averred, such a representation of fact as can be the subject of complaint for deceit. Title is not a fact in the sense of the rule of pleading that here applies, but a right, estate or interest arising from facts proper, under rules of law applicable to them. Absolute title in fee simple to real estate is the highest degree of right or interest therein.

In the case of town lots it must always depend, under these rules, upon divers facts, and whether in any given case they support the claim is necessarily matter of opinion. Its gen-

eral assertion is, therefore, assertion of matter of opinion and not of fact. So marked is the distinction, in the common understanding, that no sensible person would consider his veracity brought into question by a refusal to accept such assertion as reliable. He would certainly expect an ordinarily prudent man, contemplating a purchase, unless already otherwise informed, to make further inquiry or examination.

And this suggests another reason for the conclusion that mere assertion of title is not such a representation as is required to be alleged and proved in order to maintain this action. It must appear, either on its face or by other circumstances alleged, to be such that the plaintiff, as a reasonably prudent man, would be justified in relying and acting upon it. He can not rightfully complain of deceit in respect to any matter as to which, by the exercise of ordinary care, he could have detected ⁕ Eames v. Morgan, 37 Ill. 260; Schwabaker v. Riddle, 99 Ill. 343. Now, the facts required to constitute title in the defendant were not peculiarly within his knowledge. Under the registry acts, at least enough of them to show a *prima facie* case for or against his claim, were open to the plaintiff, and an examination of the records, with such further inquiry into matters *in pais*, as they suggested, was clearly a dictate of the most ordinary prudence. · If he saw fit he might rely, without further inquiry, upon covenants in his deed and have his remedy thereon in case of breach, but, to maintain an action on the case in the nature of deceit, we think more precaution was required.

Again, the representation complained of must be alleged to have been known to the defendant to be false when he made it and to have been made with intent to deceive. Owings v. Thompson, 3 Scam. 502; Sims v. Klein, Breese, 234; Hiner v. Reichter, 51 Ill. 299; Walker v. Hough, 59 Ill. 375; Fountleroy v. Wilcox, 80 Ill. 477, 481; Tone v. Wilson, 81 Ill. 529. Now, while a general assertion of title includes all facts that under the rules of law are required to constitute it, yet, it does not indicate what particular facts are so required, or any of them, nor, though false in fact and a breach of covenant, does it imply a wilfully false assertion of any that the

grantor did not suppose to be so required. Therefore, from the averment of a general assertion of title, it can not be known what particular fact is intended as having been represented with knowledge that it was false and with intent to deceive, nor what particular representation is traversed by the averment that he did not own the land described, and hence the necessity of alleging some particular representation of fact and traversing it specifically. For aught that here appears it may be that the plaintiff was fully apprised of all the facts affecting the title, including the defendant's understanding that he had none, and yet, being of a contrary opinion, or for some other reason, was willing to take the deed for the price stated, especially if he was secured against loss, to his satisfaction, by the covenants therein contained. It is not necessarily true that a conveyance by one who understands he has no title, even by a warranty deed, is fraudulent or wrongful to the grantee, for there may be no deception in it or none that is wilful.

For these reasons we think the demurrer was properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*