Nahaolelua v. Heen, 20 Haw. 372.

# HENRY ST. JOHN NAHAOLELUA, GEORGE WILLIAM NAHAOLELUA, JOHN V. NAHAOLELUA, CHARLES K. NAHAOLELUA, ALBERT K. NAHAOLELUA, ALEXANDER K. NAHAOLELUA, ALICE K. NAHAOLELUA LANE, WIFE OF JOHN C. LANE, AND EMMA K. NAHAOLELUA v. H. A. HEEN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JANUARY 19, 1911.          DECIDED FEBRUARY 2, 1911.

## HARTWELL C.J., PERRY AND DE BOLT, JJ.

DEEDS—*construction—trusts.*

A deed by E. to C. and N., conveying land to them in trust for the use of E. until her marriage with H. and after the marriage to pay the net income to her during her coverture with H. and in case of her death after the marriage and during the life time of H., leaving issue of the marriage, to apply the net income to the maintenance of such issue during minority, and upon such issue attaining majority to convey the land to them; Held,—H. having died in the life time of E.,—that the possibility of such issue acquiring an interest in the land entirely vanished upon the death of H.

ID.—*trusts—revocation.*

A conveyance in trust, although the deed contains no express power of revocation, may be revoked by the consent of all parties in interest.

ID.—*construction.*

A deed to E. and "the heirs of her body," habendum to E. and "the heirs of her body forever," conveys a life-estate to E., remainder in fee simple to her children.

### OPINION OF THE COURT BY DE BOLT, J.

This was a statutory action to quiet title to a parcel of land situate at Kamakela, in Honolulu, being a portion of apana 1, R. P. 1985, L. C. A. 6245, containing an area of 760 square feet, in which the plaintiffs claim an undivided one-half interest in fee simple, it being conceded that the defendant is the owner of the other undivided one-half interest in fee simple. The cause, jury waived, was tried and submitted on stipulated

facts, the decision of the court being in favor of the defendant; and judgment was entered accordingly. The plaintiffs bring the case here on exceptions.

The stipulation shows that the plaintiffs are the children of Elizabeth Kahele St. John Huakini, surviving issue of her marriage with Edward George Huakini; that on August 10, 1871, Elizabeth, being then unmarried and the owner in fee simple of an undivided one-half interest in the land in question as tenant in common with her brother, Henry St. John, in consideration of her intended marriage with Huakini "and of the sum of one dollar to her in hand paid," executed and delivered to Archibald Scott Cleghorn and P. Nahaolelua a certain deed, the material parts of which, so far as it is necessary to understand the questions involved in this controversy are as follows:

"To have and to hold the same unto the said Archibald Scott Cleghorn and P. Nahaolelua, their heirs and assigns, and to the survivor of them, and his heirs and assigns forever, but upon the special trusts and for the uses and purposes and subject to the powers and obligations hereinafter expressed and declared of and concerning the same, that is to say: in trust for the use of the said Elizabeth Kahele St. John until the solemnization of the said intended marriage, and after the solemnization thereof, upon trust to collect and receive the rents, issues and profits of the said several lands and premises as the same shall hereafter become due and payable, and after the deduction therefrom of all incidental expenses in the management of the said lands and premises, to pay over the same to the said Elizabeth Kahele St. John upon her own separate receipt and free from the control and interference of any person whomsoever during her said intended coverture, and upon further trust, that in case of the decease of the said Elizabeth Kahele St. John after the solemnization of said marriage and during the lifetime of her said intended husband Edward George Huakini leaving issue of the said intended marriage, then, upon trust, to pay and apply the said rents and profits of the said lands to and for the support, maintenance, education and advancement of such issue in such shares and proportions as the

trustee or trustees shall deem expedient during the minority of such issue, and if only one child shall then survive, then, upon trust, to pay and apply such rents and profits or such part thereof as may be requisite for the support, maintenance, education and advancement of such child during its minority. And upon further trust, that upon such child or children if more than one, attaining legal majority, the said trustees of this settlement or the survivor of them, his heirs and assigns, shall release and convey to such child, if only one, and if more than one, then to such children issue of the said marriage, their heirs and assigns forever, all of the said lands and premises hereinbefore mentioned and described free from incumbrance."

The stipulation further shows that Elizabeth and Huakini were married in the year 1871, and on July 8, 1872, a son, Edward Nahonoomaui Kia, was born to them, and that he died on September 15, 1887, unmarried; that on September 13, 1873, the grantees named in the deed of August 10, 1871, executed and delivered to Elizabeth the following deed:

"This indenture made this 13th day of September, A. D. 1873, by and between Archibald Scott Cleghorn * * * and P. Nahaolelua * * * of the first part, and Elizabeth Kahele St. John Huakini, * * * the party of the second part:

"Whereas, the said party of the second part made and executed an ante-nuptial deed of trust to the said parties of the first part bearing date the 10th day of August, A. D. 1871, * * * to certain real estate therein described; that since the execution of the deed of trust aforesaid, the said party of the second part has married Edward George Huakini, and has had issue a son named Edward Nahonoomaui Kia, now living, and that her brother Henry St. John has since deceased, and the said party of the second part has inherited his estate.

"Therefore this indenture witnesseth: That the said parties of the first part in consideration of the premises, the marriage of the said party of the second part, and the birth of a son now living, and at the special request of the said party of the second part, and of the sum of one dollar to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, released and conveyed, and by these presents do grant, release and convey to the said party

of the second part, and to the heirs of her body, all and sin-
gular the real estate and premises mentioned and described in
the deed of trust aforesaid * * *.

"To have and to hold the same to the said Elizabeth Kahele
St. John Huakini, party of the second part, and the heirs of her
body forever.

"In special trust for the use and benefit of her said son Ed-
ward Nahonoomaui Kia, and such other child or children as
may hereafter be born to her, and his or their heirs and assigns
forever as he or they shall arrive at the age of legal ma-
jority. * * *"

The stipulation further shows than on June 2, 1896, Eliza-
beth and her husband conveyed to one Jane Clark all their in-
terest in the land in question, which interest, the defendant, by
mesne conveyances, acquired and now holds; that the defend-
ant and his predecessors in title, since June 2, 1896, have been
in open and notorious possession of the entire parcel of
land, claiming the same in fee simple; that Huakini died on
June 13, 1901, and his wife, Elizabeth, died on March 8, 1909,
leaving the plaintiffs surviving her, they being the heirs of her
body and her sole heirs at law.

The trusts as expressed in the deed of August 10, 1871, and
upon which the land was conveyed, may be summarized as fol-
lows: First, for the use of Elizabeth until the marriage; sec-
ond, after the marriage, to pay the net income to her during
her coverture with Huakini; third, in case of her death after
the marriage and during the lifetime of Huakini, leaving issue
of the marriage, to apply the net income to the maintenance
of such issue during minority; and fourth, upon such issue at-
taining majority, to convey the land to them.

Thus it will be observed, that the sole contingency upon
which the plaintiffs could have possibly become entitled to any
interest in the land never happened, namely, the death of
Elizabeth after the marriage and during the lifetime of Hua-
kini.

The deed of August 10, 1871, contained no express power

of revocation, but it is elementary that a trust may be revoked by the consent of all the parties in interest; and, applying this rule, it is clear that the parties to the deed of September 13, 1873, they being the only persons who had any interest in the land, intended to and did thereby revoke the first deed. It is true that there was a possibility of the plaintiffs acquiring an interest in the land; their position in this respect, however, being one of expectancy only, and even this possibility entirely vanished upon the death of Huakini in the lifetime of Elizabeth.

In view of the conclusion reached with regard to the deed of August 10, 1871, the decision of the case now depends solely upon the force and legal effect of the deed of September 13, 1873. If by this latter conveyance the grantee, Elizabeth, acquired an estate in fee simple, or the power, as against "the heirs of her body," to dispose of and convey the land in fee simple, then it is clear that the plaintiffs have no valid claim to the premises, the title in fee simple to the entire parcel of land having passed, by mesne conveyances, to the defendant. But if that conveyance, in legal effect, gave the grantee only an estate for life, with remainder in fee simple to her children, then it is equally clear, that upon the death of the grantee, Elizabeth, the plaintiffs became entitled to the possession of an undivided one-half interest in the land in fee simple.

Under the common law, as modified by the statute *de donis conditionalibus,* the deed of September 13, 1873, would have created an estate tail, beyond any question. "The technical language to create an estate tail is to limit the estate to a man and the heirs of his body." *Sutton* v. *Miles,* 10 R. I. 348, 350; 2 Blackstone, 111; 4 Kent 11; 1 Wash. Real Prop., 74, 77. The phrase, "the heirs of her body," as used in the deed, are, therefore, the appropriate words to create an estate tail. They are words of inheritance, as well as apt words of procreation, which are essential to the creation of an estate tail. 11 Am. & Eng. Ency. Law, 372. But as an estate tail cannot exist

or be created in this Territory (*Rooke* v. *Queen's Hospital,* 12 Haw. 375, 391), the question arises, What estate did Elizabeth take by the deed of September 13, 1873, and if not a fee simple, then what were the rights of "the heirs of her body," the plaintiffs, to any remainder? In the *Rooke* case, supra (pp. 394, 395), the court said: "In some of the States in which fees tail do not exist, the estate is considered a fee simple in the first taker, in others a life-estate in the first taker and a remainder in fee simple in the issue, while in others it is considered one or the other according to which appears to most nearly carry out the intention of the testator." The first two classes of cases mentioned in the quotation depend upon statutes, while the third class, to which the case at bar belongs, is governed by the established rules of construction.

"The intent of the parties to a deed, when it can be obtained from the instrument, will prevail, unless counteracted by some rule of law. * * * The intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then to give effect to such intention if practicable, when not contrary to law." 2 Devlin on Deeds, §§836, 837. Applying this rule it is apparent that the intent of the parties to the deed of September 13, 1873, will be most nearly carried out by holding that Elizabeth should take a life-estate, with remainder in fee simple to the plaintiffs, "the heirs of her body." This view gives effect as nearly as possible to those formal parts of the deed, usually regarded as being sufficient, under the law, to pass title. And, in this connection, we deem it pertinent to observe that the following provision, contained in the deed before us, reading: "In special trust for the use and benefit of her said son Edward Nahonoomaui Kia, and such other child or children as may hereafter be born to her, and his or their heirs and assigns, forever as he or they shall arrive at the age of legal majority," being repugnant and contradictory to the formal parts of the deed, must be disregarded. *Simerson* v. *Simerson,* ante p. 57.

Nahaolelua v. Heen, 20 Haw. 372.

With regard to the statute of limitations, which the defendant seeks to interpose in the event it should be held that the plaintiffs took a fee simple title, it is clear that the statute does not apply, because the plaintiffs were not entitled to possession until the death of their mother, which event occurred not less than two years ago. Wood on Limitations, §259; Newell on Ejectment, p. 47.

The plaintiffs, inter alia, saved an exception to the decision of the trial court on the ground that it did not state the reasons therefor. At the argument this exception was withdrawn and we have not, therefore, considered it. The other exceptions are sustained; the decision and judgment are set aside and vacated, and a new trial is granted.

*A. A. Wilder* (*Thompson, Clemons & Wilder* and *E. M. Watson* on the brief) for plaintiffs.

*J. A. Magoon* (*Magoon & Weaver* on the brief) for the defendant.