## RIGHT REVEREND LIBERT HUBERT BOEYNAEMS, BISHOP OF ZEUGMA, VICAR APOSTOLIC OF HAWAII, AS TRUSTEE, *v.* L. AH LEONG.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 22, 1913.                    DECIDED OCTOBER 28, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

COURTS—*stare decisis.*

> The court declines to reconsider the questions decided in *Nahaolelua* v. *Heen*, 20 Haw. 372 and 613, nothing new or different having been advanced in the way either of argument or authorities and the court being satisfied that the conclusion reached in that case was correct.

### OPINION OF THE COURT BY DE BOLT, J.

This is a writ of error to the circuit court of the first circuit to review a judgment entered in a statutory action to quiet title to certain parcels of land situate at Kamakela, in Honolulu, being a portion of the land described in R. P. 1985, L. C. A. 6245, wherein the Right Reverend Libert Hubert Boeynaems, Bishop of Zeugma, Vicar Apostolic of Hawaii, as trustee (the plaintiff in error), was plaintiff and L. Ah Leong (the defendant in error), was defendant.

The complaint filed in the action alleges, *inter alia,* that the plaintiff is entitled to the lands in controversy in fee simple and is in possession through *cestuis que trust,* and that the defendant claims an undivided one-half interest therein. The answer filed by the defendant denies generally all the allegations contained in the complaint, except that he admits that he claims an undivided one-half interest in said lands.

The cause, jury waived, was heard and submitted on stipulated facts, the decision of the court being in favor of the defendant, whereupon it was "adjudged that the defendant is the owner in fee of an undivided one-half of all and singular

the lands, tenements and hereditaments described in said stipulation and is entitled to the immediate possession of said undivided one-half thereof."

The stipulated facts are, in substance, the same as those in the case of *Nahaolelua v. Heen,* 20 Haw. 372 and 613. The parties in that case claimed title to the land then in controversy, as the parties in the case at bar now claim title to the lands in controversy, under Elizabeth Kahele St. John Huakini. The contention of the plaintiff in the present case is also the same as that made by the defendant in *Nahaolelua v. Heen, supra,* namely, that Mrs. Huakini, by a certain deed executed September 13, 1873, acquired an estate in fee simple, or the power, as against "the heirs of her body," to dispose of the lands therein described (which included the lands now in controversy), in fee simple.

The assignments in error are thirteen in number and present, in effect, the same questions of law as were argued and determined in *Nahaolelua v. Heen, supra,* and counsel for the plaintiff in the case at bar, practically upon the same arguments made in the case alluded to, now ask the court to overrule the decisions rendered in that case and reverse the judgment in the case now before us. The arguments of counsel in the case referred to received careful consideration, and as nothing new or different has been advanced in the way either of argument or authorities we decline to reconsider the matter. We are satisfied that the conclusion reached in the former case on each question presented, was correct, and, therefore, decisive and controlling in the case at bar.

The judgment of the circuit court is affirmed.

*J. A. Magoon (N. W. Aluli* with him on the brief) for plaintiff in error.

*A. S. Humphreys* for defendant in error.