MARY K. WILLIAMS, CARRIE KAPIHE, HENRY WILLIAMS, DAVID K. WILLIAMS, JAMES K. WILLIAMS AND SOLOMON WILLIAMS v. RIGHT REVEREND LIBERT HUBERT BOEY-NAEMS, BISHOP OF ZEUGMA, VICAR APOSTOLIC OF HAWAII, AS TRUSTEE.

No. 1267.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. J. J. BANKS, JUDGE.

SUBMITTED JULY 27, 1920.                    DECIDED JULY 31, 1920.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF KEMP, J., ABSENT.

EQUITY—*rescission of executed contract of sale.*

> Where a contract for the sale of land has been executed by an act of conveyance a court of equity will not rescind the contract on

account of the mere defect of title except in case of fraud or some other recognized equitable ground but will leave the party to his remedy upon the covenant in his deed.

SAME—*same.*

In order to constitute a ground for a rescission of the contract because of fraudulent misrepresentations the misrepresentations must be of fact and not of law for a misrepresentation or mistake of law will not vitiate a contract where there is no misrepresentation of the facts.

OPINION OF THE COURT BY COKE, C. J.

· This is a suit in equity for the rescission and cancellation of two certain deeds. The history of the transaction sought to be annulled is as follows so far as it is necessary to now refer to it. On and prior to April 17, 1886, Carrie Kaaukai was the owner of a certain tract of land situated at Kamakela, Honolulu, Oahu, described in R. P. 1969, L. C. A. 863; that at the same time the Rt. Rev. Dr. Herman Kockemann, Bishop of Olba, Vicar Apostolic of the Hawaiian Islands, as trustee for the Catholic Church of the Hawaiian Islands, was the owner of a certain tract of land situated at Kamakela, Honolulu, Oahu, the same being apana 3 of R. P. 1985, L. C. A. 6245; that upon the said 17th day of April, 1886, each of said parties transferred to the other his or her lot by separate deeds for the consideration expressed in each deed of $1000. Each of the deeds purports to convey a fee simple title to the grantee and each contains full covenants of warranty. The complainants herein are the successors in interest of the said Carrie Kaaukai and the respondent herein is the successor in interest of the said Bishop Kockemann.

It is alleged in the bill of complaint that prior to the 17th day of April, 1886, it was mutually covenanted, understood and agreed between the parties to exchange their lands and that the deeds executed and delivered by

one to the other were for the purpose of effectuating that agreement. The expressed consideration of $1000 mentioned in the deeds was not the true consideration therefor. It is further alleged that as a part of the contract and agreement of exchange it was at all times agreed, understood, covenanted and represented by one party to the other that each of the parties was possessed of an estate in fee simple of the respective pieces of real estate so conveyed each to the other and that each had a good right, title and authority to sell and dispose of the same and that each would warrant and defend the title in his grantee his heirs, successors and assigns, etc. It appears from the record that upon the delivery of these deeds each of the grantors went into possession of the newly acquired premises. In the year 1912 the complainants or their predecessor became aware that one L. Ah Leong claimed to be the owner of one-half of the land conveyed by the deed from the Rt. Rev. Dr. Kockemann to Kaaukai and an action was thereupon instituted in the circuit court of the first judicial circuit against Ah Leong on behalf of the complainants to quiet the title to all of said property. At the conclusion of the trial of this cause judgment was entered in favor of Ah Leong for an undivided one-half interest in the land. This judgment was on appeal subsequently affirmed by the supreme court of Hawaii (see 21 Haw. 699) and again affirmed by the Supreme Court of the United States (see 242 U. S. 612).

The purpose of this suit is to have a rescission of the transaction because of the mistake above set forth which the complainants claim operates as a legal fraud upon them. There is no allegation in the bill of complaint of actual fraud or of any intentional misrepresentation against the respondent or his predecessor. In fact the allegations in the bill expressly negative any such impli-

cation.  The entire burden of complainants' grievance is that because after the original transfers between the parties it developed that the legal title to part of the land which was transferred to the complainants was in a third party they now have a right to a decree of a court of equity rescinding both transfers and placing the parties in *statu quo ante.*

The respondent interposed a demurrer to the bill of complaint which was sustained by the court below on the ground that the complainants have a full, adequate and complete remedy at law.  From this decision complainants have appealed to this court and now urge (1) that the circuit court erred in sustaining the demurrer upon the above ground for the reason that the contract was made under a mutual mistake of a material fact;  (2) where there is no actual fraud but a mutual mistake is shown it is equivalent to fraud in law, and (3) where there has been a breach of covenants by one party in the agreement to exchange property the other party may rescind the exchange.

The rule we think is that where a contract for the sale of land has been executed by an act of conveyance a court of equity will not rescind the contract on account of the mere defect of title except in a case of fraud or some other recognized equitable ground but will leave the party to his remedy upon the covenants in his deed. (*Woodruff* v. *Bunce,* 9 Paige 442, 443; *Hart* v. *R. R.,* 65 Mo. 509; *Beebe* v. *Swartwout,* 8 Ill. 162, 185.)  And in order to constitute a ground for a rescission of the contract because of fraudulent misrepresentations the misrepresentations must be of fact and not of law for a misrepresentation or mistake of law will not vitiate a contract where there is no misrepresentation of the facts.  (See 10 Ency. U. S. Rep. 804; 1 Story Ch. 129, 25, 26; 20 Cyc. 19, 54; *Burt* v. *Bowles,* 69 Ind. 1; *Ward* v. *Luneen,* 25 Ill. App. 160.)

It cannot be doubted that there was a mutual mistake in reference to the title or ownership of a part of the land transferred to Mrs. Kaaukai but that the mistake was entirely one of law and not of fact is clearly shown by the records and the opinions of this court in *Bocynaems* v. *Ah Leong*, 21 Haw. 699, and *Nahaolelua* v. *Heen*, 20 Haw. 372; 613. These cases turn entirely on questions of law, no facts whatever being involved.

Long prior to the institution of this suit the transaction was completely executed. There is no allegation that the respondent is insolvent nor is there any allegation of actual fraud or of a mutual mistake of any material fact or any misrepresentation in respect thereto amounting to fraud, and of course this cause cannot be maintained upon the theory that it was instituted to prevent a multiplicity of suits. In other words, there is nothing in the complaint which places the cause upon any of the known grounds calling for equitable interference. It seems plain to us that this is a case where the complainants have a plain, adequate and complete remedy at law for breach of the covenant of warranty contained in the deed from Bishop Kockemann to Carrie Kaaukai.

The decree below sustaining the demurrer of respondent is affirmed.

*Andrews, Pittman & O'Brien* for complainants.

*Perry & Matthewman* for respondent.