CLIFFORD C. GITTINGS *et al.*, Petitioners-Appellants, *v.* CECIL M. HILTON, Respondent-Appellee.

Third District    No. 78-302

Opinion filed November 5, 1979.

John H. Bisbee, of Macomb, for appellants.

Albert Ancelet, of Copps, Cosgrove & Ancelet, of Carthage, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Clifford C. Gittings and Zelma A. Gittings, petitioners, appeal from the judgment of the Circuit Court of Hancock County, in an action under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), where the court found that the Gittings possessed only an easement over a strip of land owned by respondent Cecil M. Hilton. The trial court denied the request of petitioners that the court vacate the judgment in the original action, which judgment had also found that there existed only an easement and not a fee interest in the Gittings. On this appeal, the Gittings challenge the findings of the trial court, in the section 72 action, that they hold only an easement in the real property in question.

The record discloses that on March 4, 1854, William Young granted, bargained, and sold to Richard Cassingham the following:

"Twenty feet in breadth across the South end of the East half of the North East Quarter of Section Twenty-eight in Town seven North of Range Five West in Said County and State aforesaid to have and to hold the same for the purpis [sic] of a passway from said Cassingham's farm west to the road, on the following terms: Said Cassingham or his assigns is to build one half of the fence on the north line of said twenty feet to the west half of said fence and keep the same in good repair. Said Young to build the east half of

said fence and to keep his fence in repair. Said passway to be kept fòr the purpis [*sic*] of a passway so long as said fence is kept in repair and if said west half of said fence is not kept in repair so as to protect said farm on said eighty acres from said passway is taken then this indenture is to be void and the title fall back to the owner of said eighty acres from which it is taken."

The instrument recited a consideration in the amount of $10 as having been, in hand, paid. The issue in the instant case is what effect is to be given to the language in the 1854 instrument. Apparently, the Cassingham property (now owned by the Gittings) was landlocked, and the subject "passway," across the land owned by Young (the interest now owned by Hilton), provided the only access to the roadway. In the 1930's, Oriole Young Smith, daughter of the original grantor, William Young, took title to her father's farm from his estate. The deed is not in the record, but it apparently contained a reference to the 1854 indenture and excepted the rights conveyed to Cassingham therein from the title passed to Oriole Young Smith. Subsequently, in the 1970's, Oriole Young Smith conveyed to Cecil Hilton, respondent in the section 72 action, the original farm owned by her father and acquired by her from his estate. The deeds involved in that transfer, one in 1974 and one in 1976, are not shown in the record on this appeal. Counsel for petitioners argue that the 1974 deed excepted the 20-foot passway, while counsel for the respondent notes that in the original action between these parties it was established that the 1974 deed was erroneous and that the 1976 quit-claim deed, which conveyed Smith's interest in the 20-foot strip to Hilton, was executed to conform the transfer to the original parties' understanding and intent, as found in their contract for sale.

It appears that all conveyances with respect to the 20-foot strip, including that to petitioners Gittings, included the 20-foot strip of land, always with reference to the original 1854 indenture between Young and Cassingham. We are at a disadvantage in the consideration of this appeal in not having before us, in the record, those documents above referred to, as well as other factual matters established in the original action between the parties, from which the present petition arose.

The trial court, in the instant case, after hearing the arguments of counsel and reading their briefs (much of which pertained to factual matters in the original proceedings), held that the intent of the original parties, as gleaned from a reading of the entire 1854 instrument, was to create an easement of right of way to allow Cassingham access to the road. The court rejected the Gittings contention that a fee interest in the strip of land was intended to be conveyed in 1854. It entered its judgment and order, finding that the Gittings had only an easement in the 20-foot strip of land, which finding and judgment was the same as that reached by

the court in the original action between the parties. Accordingly, the circuit court denied petitioners' petition to vacate the judgment and petitioners' request for a new trial.

■■■ The basic rule to be adopted in the construction of deeds is to the effect that the court must ascertain the intent of the parties as demonstrated in the language of the deed. (*Tallman v. Eastern Illinois & Peoria Ry. Co.* (1942), 379 Ill. 441, 41 N.E.2d 537.) Such approach requires an examination of the deed in its entirety, with the object of giving effect to the intention of the parties expressed in the instrument of conveyance. Our examination of the 1854 document in question in the instant case leads us to the same conclusion as that reached by the trial court. William Young conveyed to Cassingham an easement of right-of-way across his property, and the Gittings, as successors in interest of Cassingham, have only that easement, and not a fee interest in the strip of land. We find that the limiting words "for the purpis [*sic*] of a passway from Cassingham's farm west to the road" and the provisions with respect to joint responsibility for constructing and maintaining a fence clearly indicate that Young did not intend to pass a fee simple interest in the property, but only a right of passage across his land. The other language in the document, addressing the voiding of the indenture in the event a fence is not kept in good repair, is entirely consistent with a grant of an easement. While the references to title are somewhat lacking in clarity, a reading of the entire instrument evidences a clear intent to grant only an easement.

■■ The petitioners argue that section 8 of "An Act concerning conveyances" requires that the instrument be construed as the conveyance of a fee interest. Section 8 (Ill. Rev. Stat. 1977, ch. 30, par. 7) states:

> "In all deeds whereby any estate of inheritance in fee simple shall hereafter be limited to the grantee and his heirs or other legal representatives, the words 'grant,' 'bargain' and 'sell,' shall be adjudged an express covenant to the grantee, his heirs, and other legal representatives, to-wit: that the grantor was the owner of an indefeasible estate in fee simple, free from encumbrances done or suffered from the grantor, except the rents and services that may be reserved, and also for quiet enjoyment against the grantor, his heirs and assigns unless limited by express words contained in such deed; and the grantee, his heirs, executors, administrators and assigns, may in any action, assign breaches, as if such covenants were expressly inserted; * * *."

A similar provision has been in the statutes of this State since 1845. (See *Hawk v. McCullough* (1859), 21 Ill. 220.) The petitioners in the instant case contend that since the deed used "grant, bargain and sell" a fee

simple interest was transferred. Such a reading of section 8 strains the language therein and ignores the basic rule that the deed, in its entirety, must be examined to ascertain the intent of the parties thereto. It also ignores section 13 of "An Act concerning conveyances" (Ill. Rev. Stat. 1977, ch. 30, par. 12), wherein it is stated:

> "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law."

When the two sections are considered together, along with the basic rules of deed construction, it is apparent that if words "grant, bargain, and sell" are used in an instrument, without the subsequent words of limitation, then a fee simple interest arises in the grantee, but if words of limitation are used, then they are to be given effect and a lesser estate, consistent therewith, is all that is conveyed. (See *Walker v. Illinois Central R.R. Co.* (1905), 215 Ill. 610, 74 N.E. 812.) In the present case, the words of limitation are present and, as noted, they indicate an intention to grant an easement and not a fee simple interest. The subsequent transfers of the properties, so far as we are able to determine in this record, do not indicate any contrary conclusion.

As we have noted, the language of the original document clearly conveys only an easement. Nothing in the record justifies any other conclusion.

For the reasons stated, the judgment of the Circuit Court of Hancock County is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.