## HERMAN v. HALL, *Appellant.*

### Division Two, June 22, 1897.

1. **Fraud:** REPRESENTATIONS AS TO TITLE. A mere expression by a seller that his title to land is good will not amount to fraud even though it proves to be worthless, but a statement by the seller of a material fact for the purpose of inducing the buyer to act upon it, implies that he knows it to be true and that he speaks of his own knowledge; and if the seller states of his own knowledge a certain material fact to be true, which is in fact false, and the purchaser it thereby induced to buy, the law will impute to the seller a fraudulens purpose.

2. ————: ————: CONCEALING OUTSTANDING TITLE: EMPTOR CAVEAT: REMEDY. The defendant had a swamp land deed from the county court, in due form, for forty acres of land. He exhibited this to the plaintiff and stated "this deed is the only conveyance of the land," and the plaintiff was thereby induced to withdraw his demand for an abstract and to rely upon the representation that there were no other entries of record concerning the title, and to pay defendant $800 on the purchase price of this and seventy other acres, and to give his note for $850, the balance of the purchase price, and a mortgage on the whole to secure the same. Afterward, when it was discovered that the real title to the forty acres was in the heirs of a patentee of the United States, and that the patent entries were on a plat book which for twenty years had been in the county clerk's office, the plaintiff offered to rescind the trade and demanded that each party be placed *in statu quo*. The defendant refused, and foreclosed the mortgage and got a trustee's deed to the one hundred and ten acres. Plaintiff then brought this suit to set aside the trustee's sale, to rescind the contract of purchase, to surrender the note, for judgment for the $800 paid, and for a vendee's lien therefor on the other seventy acres, which prayer was granted. *Held,* that the defendant was guilty of fraud in thus inducing plaintiff to buy, that the trustee's deed should be set aside, that the vendee's lien on the seventy acres was proper, and that the judgment must be affirmed.

*Held,* also, that the contention that plaintiff and defendant had the same opportunities to judge of the title, and, as no confidential relation existed, they traded at arm's length, is not borne out by the evidence, and that therefore the doctrine of *emptor caveat* does not apply. *Held,* also, that plaintiff is not remitted to the covenants of warranty in his deed for his remedy.

*Appeal from Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*William O. Mead* and *T. T. Loyd* for appellant.

(1) Appellant told plaintiff he had a good title. That was the expression of an opinion based upon the fact that he had deeds for the land and nothing more, and no injury resulted to plaintiff and none was threatened. *Anderson v. McPike,* 86 Mo. 293. (2) There was no evidence that plaintiff relied alone upon the statements of defendant in relation to the title of the land in question, but on the contrary the plaintiff testified that he did not rely upon what defendant said about his title, and would not have taken Hall's opinion that he had title, and would have demanded an abstract for the forty acres as he did for the other land if Hall had not produced the deed from the county. (3) The testimony not only fails to sustain plaintiff's contention but disproves it and is conclusive according to plaintiff himself that he did not rely upon anything the defendant said. *Rogers v. Rogers,* 87 Mo. 257; *Johnson v. Quarles,* 46 Mo. 425; *Jackson v. Wood,* 88 Mo. 76; *Forrester v. Scoville,* 51 Mo. 268. (4) The evidence of title in defendant for the forty acres was before both parties; both had the same opportunity to determine what title he had, and both are bound by the conclusion; no confidential relations existed; they

were strangers dealing at arm's length. *Lewis v. Land Company*, 124 Mo. 672. (5) When the deed was made by defendant and delivered to plaintiff, and he· paid defendant the $850 and gave his note for $800, secured by deed of trust, there was a completely executed contract which a court of equity will not set aside. *Mitchell v. McMullen*, 59 Mo. 252; *Hart v. Railroad*, 65 Mo. 509; *Key v. Jennings*, 66 Mo. 356; *Langdon v. Green*, 49 Mo. 363; *Holladay v. Menifee*, 30 Mo. App. 207.

*W. C. Hastin* and *Mann & Talbutt* for respondent.

(1) Respondent is entitled to rescind and is not forced to his remedy at law, having been prevented from an examination of the title by representations of appellant, upon which he relied and upon the faith of which he bought. *Holland v. Anderson*, 38 Mo. 55; *Bailey v. Smock*, 61 Mo. 213. (2) *Caveat emptor* does not apply. Where the vendor knows or has reasonable grounds to believe that unless he does make the disclosure, vendee will be misled to his injury, then it is his clear duty in good conscience to make it, and if he fails to make it, he is liable for damages. *Hayes v. Delzell*, 21 Mo. App. 679. (3) "Representations made by a party as of his own knowledge and not as a mere matter of opinion, or general assertion, about a matter of which he has no knowledge whatever, is the same as the statement of a known falsehood and constitutes a fraud." *Caldwell v. Henry*, 76 Mo. 255; *Nauman v. Oberle*, 90 Mo. 669. (4) Respondent had a right to assume that appellant knew of the real condition of his title and had a right to take him at his word, and was not guilty of negligence in not looking further. *Wannell v. Kem*, 57 Mo. 478. (5) Where one induces another to abstain from seeking information, mere

concealments may become fraudulent. *Stones v. Richmond*, 21 Mo. App. 17; *Bailey v. Smock*, 61 Mo. 213; *McBeth v. Craddock*, 28 Mo. App. 380. (6) At the time of the institution of this suit, and, in fact, at the trial, the defect in the title of appellant had not been cured by the statute of limitations, but conceding that it had, respondent could not be required under the circumstances to take title by limitation. *Luckett v. Williamson*, 31 Mo. 54.

GANTT, P. J.—This is a suit in equity by plaintiff to rescind a contract for the purchase of one hundred and ten acres of land lying in Cedar county, for which plaintiff agreed to pay defendant $1,650, of which sum $850 was paid in cash and plaintiff gave his note for $800, and executed a deed of trust on all of said land to secure it. Defendant gave plaintiff a warranty deed with the usual covenants to all of the land.

The petition, after averring the foregoing facts, avers that the defendant represented to plaintiff that his title to the farm was clear, and was free from incumbrances, which representations plaintiff at the time believed and relied upon, but which were false and fraudulent and made with the knowledge that they were so by defendant, and for the purpose of deceiving and defrauding plaintiff; that defendant represented that he bought forty acres of said land from Cedar county as swamp land and had a deed from said county which *was the only conveyance affecting the title to said forty acres*, concealing from plaintiff that John M. Cook was the legal owner thereof; that relying upon the false and fraudulent representations in relation to the title to said forty acres, plaintiff neither demanded nor received an abstract of title therefor, but did demand and receive an abstract for the remainder of seventy acres; that plaintiff did not pay the note for

$800 so given as part of the purchase money, for the reason that the title to said forty acres had failed and was outstanding in the heirs of John M. Cook, and plaintiff was unable to sell or mortgage the same; that upon learning of said defect in said title plaintiff offered to rescind said trade and sale and offered to reconvey the said farm to defendant upon the refunding to plaintiff the $850 which plaintiff had paid, and the surrender of his note for $800, all of which defendant refused to do but foreclosed said deed of trust and became the purchaser of all of said lands at the foreclosure sale. The prayer was for a decree setting aside the trustee's sale and a surrender of the note and for judgment for the $850 paid by plaintiff on the said farm and that a vendee's lien be decreed on the seventy acres for the purchase money so paid.

The answer admits the sale, warranty deed to plaintiff, payment of the $850 and the execution of the $800 note for balance of purchase money and deed of trust to secure the same; the sale thereunder, and purchase of all the land by defendant. Alleges that when he sold he had been in possession since March, 1883, and delivered possession of the land to plaintiff which plaintiff held without adverse claim thereto; that at the time he sold he was claiming title under deeds to all of said land believing he was the owner in fee and had good right to convey and believes so yet. Plaintiff replied by general denial.

The evidence consists of the admissions in the answer and the following oral testimony. Plaintiff testified that he purchased the land directly from the defendant in the office of Whitsett & Hightower, real estate agents at Jerico; that when he inquired about the title defendant told him he had bought the "40 acre tract" at a *bona fide* sale of swamp lands by Cedar county; that the title was good, and at the same time

exhibited his swamp land deed; that there had been a number of transfers of the "70 acre tract;" that thereupon plaintiff demanded an abstract of the "70 acre tract" but said to the defendant there is no need of one to the "40 acre tract if the deed you have *is the only entry there is*" to which defendant replied, "*Yes, all the entry is right here,*" referring to the swamp land deed which he handed plaintiff to examine.   Plaintiff testified he relied upon this representation.   *D. C. Neal* testified that four years prior to the suit the defendant told him that there was a link out of one forty of his land.   *Wm. Loyd* testified that prior to the sale under the deed of trust defendant told him he was going to Lamar to see Mr. Timmons about perfecting title to one forty acres of his land which he had sold to Herman.   *Mr. Whitsett* testified that defendant agreed to give an abstract to the "70 acre tract" *but objected to giving an abstract to the "40 acre tract" because he had bought it from the county and spoke of it "originally being school land," and because of the expense,* and that plaintiff relying upon defendant's statements in regard to the swamp land waived an abstract as to that forty.

Defendant testified that he had not agreed to furnish an abstract to any of the land, but when the deed came with his wife's acknowledgment the plaintiff then demanded an abstract and he instructed Whitsett to get an abstract to all the land but when the abstract came from Stockton for some unaccountable reason the forty acres was not included.   He says:   "I then gave him the deed that the county had given me."   Told him it was *swamp land,* and that his deed was the only conveyance of it.

A patent from the United States to John M. Cook, Jr., to the "40 acre tract" was read in evidence bearing date May 1, 1868.   It was shown that John M. Cook, Jr., hauled the logs to build him a house on this

forty and built a temporary shanty to live in while building his house; that he died at Cedarville in said county unmarried in the spring of 1870 or 1871, leaving brothers and sisters as his heirs; that some of these heirs removed to Oregon and were living at the time of the trial. Plaintiff also introduced the regularly certified plat book of original entries from the land office on file in the county clerk's office and across this "40 acre tract" on said book was written "John M. Cook, November 13, 1867;" "Certificate of entry, 29815." This plat book was shown to have been on file in 1886, some four years prior to the sale to plaintiff in 1890. Another uncertified plat book in the office contained the same entries substantially and Mr. Walker, the clerk, testified that the John M. Cook entry must have been there prior to 1883, when defendant bought the land as swamp land. Defendant's swamp land deed was dated May 9, 1883, recorded May 22, 1884. The petition in this case was filed November 7, 1892. Defendant took possession some time after his swamp land deed was recorded.

The circuit court found the issue for plaintiff and decreed a rescission and a return of the $850, and awarded plaintiff a vendee's lien on the "70 acre tract" and execution against the same. Defendant appeals. A number of errors are assigned for reversal. We will consider them in their order.

I. It is assumed that the court found defendant was guilty of a fraudulent representation upon *a mere expression of an honest opinion* by defendant that he had a good title when in fact he had none. Of course, no one questions that a mere expression of an opinion that one's title is good will not amount to a fraud, even if it should turn out worthless, but it is equally well settled that a statement of a material fact, for the purpose of inducing another to act upon it, implies that

the person who makes it knows it to exist and that he speaks from his own knowledge. If the fact does not exist, and the party states of his knowledge that it does and induces another to act upon his statement to his injury, the law will impute to him a fraudulent purpose. *Rothschild v. Mack*, 115 N. Y. 1; *Marsh v. Falker*, 40 N. Y. 562; *Knappen v. Freeman*, 47 Minn. 491; *Borders v. Kattleman*, 31 N. E. Rep. 19; *Caldwell v. Henry*, 76 Mo. 254; *Dunn v. Oldham's Adm'r*, 63 Mo. 181; *Hamlin v. Abell*, 120 Mo. 188.

Was defendant's statement a mere opinion that his title was good? Clearly not. On the contrary, when plaintiff came to ask about the title and assured defendant he did not want the land at any price if the title was not good, defendant produces a deed from the county and stated that *this deed was the only conveyance of the land.* A statement well calculated to mislead an unprofessional man. It was a most plausible excuse for not producing an abstract, as an abstract with one conveyance would seem a useless expense when that conveyance was produced. This deed being good upon its face, plaintiff readily accepted the explanation as sufficient. But the statement that this was swamp land was not true, neither was it true that an abstract would not show another conveyance, but would have disclosed that the United States had patented this land to a man by the name of John M. Cook, and the plat books of original entry, which are consulted by all prudent abstracters, would have shown that the land had been entered in 1868. A motive is not hard to discern for the failure or refusal to furnish the abstract to this "40 acre tract," which Mr. Whitsett and plaintiff both testified defendant objected to furnishing. Defendant, it is true, says he directed Mr. Whitsett to secure the abstract to the *whole farm*, but the trial court evidently thought the evidence preponderated largely against

defendant on this point.  Assuming that the court found that he declined to furnish the abstract to this forty acres, it becomes the basis of a strong inference, in connection with the other facts, that the land had been previously patented to Cook, and the plat books' all showed the prior entry; that defendant knew of said prior entry, and intended to suppress that fact if he could induce plaintiff to accept his statement.  The positive assertion that this was originally swamp land, and his deed which he produced was the only conveyance, being untrue, defendant must be presumed to have intended to mislead and deceive plaintiff thereby.

II.  Again it is said plaintiff did not rely upon defendant's statement; that the evidence of the title to the "40 acre tract" was before both parties; that both had the same opportunities to judge of the title, and as no confidential relation existed they traded at arm's length.  But it is apparent, we think, that defendant omits a controlling fact in assuming that defendant and plaintiff stood upon equal ground in coming to a conclusion as to the title, merely because he furnished plaintiff the swamp land deed to examine.  The validity of that title depended upon the fact that the lands were swamp lands and that the county had sold them, and that no other conveyance of these lands had ever been made.  The deed was in form sufficient, which plaintiff knew, but its efficacy to pass a good title depended upon the positive assertion of defendant that this was the only conveyance of this land as to which plaintiff knew nothing, but defendant knew plaintiff was relying upon the truth of his representation which turned out to be false, as the United States had previously patented it to Cook.  They occupied widely different positions when they formed their opinions as to the title.  Plaintiff, relying upon the statement of defendant that there was no other conveyance, and that it was

swamp land, concluded the title was good, whereas the defendant either knew that there was a patent to Cook, and suppressed that fact, and thereby fraudulently misled plaintiff, or not knowing of the existence of said patent, he made the positive assertion that there was no such conveyance with the purpose of inducing plaintiff to accept his assertion, and purchase the land on the faith of his statement, a willful statement of a fact in ignorance of the truth, and was thereby as guilty as if he had told a known falsehood. Knowing plaintiff was ignorant of the patent and that unless informed of its existence plaintiff would be misled to his injury, he owed him the duty at least of not asserting that as a truth which was false, or to have refrained from stating a material fact to be true which he did not know to be true or false. The contention that plaintiff is shown to have bought on his own judgment of the title with equal opportunities of information, unmixed with a misrepresentation by defendant, is not borne out by the evidence and the doctrine of caveat emptor does not apply.

The defendant having induced the plaintiff to abstain from further investigation of the title of the forty acres, by the artful representation that there had been but one conveyance of this land, coupled with the exhibition of a deed which corroborated his statement, is in no condition to assert that plaintiff was negligent in not looking further nor to complain that plaintiff believed his statement.

III. But it is said that granting there was a misrepresentation of the title and that plaintiff paid his money upon the faith of its truth, still, as the contract was executed, there can be no rescission of the agreement but that plaintiff is remitted to his action upon the covenants of his deed. To sustain this position we are cited to *Hart v. Railroad*, 65 Mo. 509; *Mitchell v.*

*McMullen*, 59 Mo. 252, and *Key v. Jennings*, 66 Mo. 356. These cases all assert the settled law of this State that a purchaser of land who has taken a conveyance with covenants of title and is in the undisputed possession, is not entitled to have the contract rescinded upon a failure of title unless such contract be tainted with actual fraud and a distinct allegation of such fraud be made in the petition and sustained by the evidence. But each of these cases as well as many others declare that the representation of title is made in good faith and is a mere expression of opinion that the vendee will be remitted to his covenants unless there is a fraudulent and false representation in regard to the title by which the vendee is induced to purchase. In this case the bill is bottomed upon the actual fraud in misrepresenting the fact as to the conveyances and in thus inducing plaintiff to omit a precaution as to this tract which he observed as to the other. The plaintiff having discovered that the defendant had no title to the forty was bound to pay for it at his peril, or be sold out as he was and run the risk of losing it when Cook's heirs demanded it, for the limitation had not as yet expired. The evidence shows he promptly offered to rescind when he learned of the failure, but the defendant at once sold under his deed of trust. The title was in such a condition that plaintiff could not obtain a loan thereon to prevent a sale and if he had made the payment with full knowledge of all the facts he would have been without remedy.

The circuit court found defendant was knowingly guilty of actual fraud and decreed a rescission and we think the evidence sustains the finding and the decree is affirmed. SHERWOOD and BURGESS, JJ., concur.