ATTERBURY & NICHOLS, Respondents, v. HOPKINS & SCHRENK, Appellants.

Kansas City Court of Appeals, November 19, 1906.

1. **BROKER: Dual Employment: Knowledge: Commissions.** One cannot secretly act for one party while in the employ of the opposing party and if he does so he forfeits all right to compensation from the deceived party; but if the parties have knowledge of his relations to each there can be no legal objection to his employment and neither party can escape responsibility.

2. **PLEADING: Answer: General Denial.** A general denial cannot be qualified by unspecific exceptions which leave the opposite party the burden and risk of finding out what the exceptions are.

3. **BROKER: Answer: Consummation of Trade.** A mere allegation that the sale was never consummated does not state a defense since it may have failed by the fault of the defendant.

4. **———: Dual Employment: Partnership: Tenants in Common: Agency.** The fact that the defendants were partners as to the personal property and tenants in common as to the realty involved in the sale made for them by a broker proves immaterial as to one of the tenants in common not knowing the broker's dual employment since the other tenant in common was the active party and agent of the other.

5. **APPELLATE PRACTICE: Defendant's Theory Above and Below.** The case made in the trial court must limit the consideration of the appellate court.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*L. Benecke* and *Kinley & Kinley* for appellants.

(1) A real estate agent or broker, without agreement with both parties to that effect, cannot contract to take commissions from both sides, and if he does so, he cannot recover commissions from either party to the transaction. Chapman v. Curry, 51 Mo. App. 40, and cases cited. (2) Hopkins and Schrenk being co-tenants

Atterbury & Nichols v. Hopkins & Schrenk.

in the building contracted to be traded to Hendricks, the alleged notice to Hopkins by plaintiffs that they were also in the employ of Hendricks, would not be notice to Schrenk of that fact, hence as to Schrenk there could be no recovery by plaintiffs for commissions. 17 Am. and Eng. Ency. (2 Ed.), p. 672; Wait v. Smith, 92 Ill. 358; Burt v. Paper Co., 86 Ill. 66; Niswall v. McGowan, 2 Barb. 281; Snyder v. Sponable, 1 Hill (N. Y.) 567; Snyder v. Sponable, 7 Hill 427; Rippetoe v. Dwyer, 68 Tex. 703; Parker v. Kane, 4 Wis. 1; McConnell v. Konepel, 46 Ill. 519. (3) Before plaintiffs could recover, they should prove that they obtained for defendants a customer who was ready and willing to make the exchange agreeed upon and able to carry out the same, and that if he failed so to do that he was sufficiently solvent to respond in damages to the defendants. None of this was shown, hence under all the evidence plaintiffs were not entitled to judgment. Hayden v. Grillo, 26 Mo. App. 289; Hayden v. Grillo, 35 Mo. App. 647; Love v. Owen, 31 Mo. App. 501 (in this case it was conceded the purchaser was solvent and by resort to the courts could have been made to perform his contract); Zeidler v. Walker, 41 Mo. App. 118: Lemon v. Lloyd, 46 Mo. App. 452; Chipley v. Leathe, 60 Mo. App. 15; Branckman v. Leighton, 60 Mo. App. 38; Gelatt v. Ridge, 117 Mo. 553; Brown v. Smith, 113 Mo. App. 68; Snyder v. Fidler, 125 Iowa 378; Sallee v. McMurry, 113 Mo. App. 253; McCray & Son v. Pfost, 118 Mo. App. 672, 94 S. W. 998.

*J. A. Collett* for respondents.

(1) Plaintiffs had a perfect right to represent defendants and Hendricks, opposing parties in the transaction, at the same time and to receive and collect their commission from both parties, provided such dual agency was known and assented to by all the contracting parties. Mechem on Agency, sec. 67; Stripling v. Maguire, 108 Mo. App. 594. (2) The relation as partners made

the acts of Hopkins and the knowledge of Hopkins the acts and knowledge of Schrenk in relation to any of their partnership matters, and whether the building was held by them as partners and constituted a part of a partnership property, or was held by them as tenants in common and was not a part of the partnership property, is not material to this case, for the reason that all of the parties, including Schrenk himself, testified that Hopkins was representing Schrenk in the transaction of that particular trade.  Mechem on Agency, secs. 718, 719; King v. Oil Co., 81 Mo. App. 155. (3)  Plaintiffs were entitled to their commission when they produced a purchaser who was ready and able to purchase or who did purchase upon defendants' terms. McCray & Son v. Pfost, 118 Mo. App. 672, 94 S. W. 998; Gwinnup v. Sibert, 106 Mo. App. 709; Goodson v. Embleton, 106 Mo. App. 77.  (4) Defendants' answer admitting the employment of plaintiffs as their agents, the procurement by plaintiffs of the execution of the contract for the sale of defendants' property, and the setting up of a special defense, that is, that plaintiffs acted wrongfully representing both parties to the contract without the knowledge of said parties, made it entirely unnecessary for plaintiffs to make any proof of their services or of the value of their services, the whole inquiry being limited by the pleadings to the special defense tendered by defendants.  Bliss on Code Pleading, secs. 138, 340; Sayers v. Craven, 107 Mo. App. 407; Clements v. Yeates, 69 Mo. 623; Cole v. Armour, 154 Mo. 333; McGahan v. Bank, 156 U. S. 232; Bank v. Whittle, 78 Va. 737; 11 Enc. of Plead. and Prac., p. 626.  (5) Defendants' general denial of each and every allegation contained in plaintiffs' petition, except so much as is expressly admitted in defendants' answer, did not tender any issue except that made by the specific defense pleaded in the answer.  Sayers v. Craven, 107 Mo. App. 407; Bliss on Code Pleading, sec. 356a.

ELLISON, J.—Defendants engaged the plaintiffs, for a stated commission to sell or exchange for them their stock of hardware and a house and lot, all in the town of Brunswick. Plaintiffs charge that they procured a purchaser for the property and that defendants refused to pay them their commission, whereupon they instituted this action. They prevailed in the trial court.

Much of the matter urged by the appellant against the judgment is outside the issues made by their answer and the theory upon which they tried the case in the circuit court. The answer admits the employment of plaintiffs and that they procured a purchaser, and sets up but one defense and that is, that plaintiffs accepted employment at their hands when, without their knowledge or consent, plaintiffs were also in the employment of such purchaser. The law is that one cannot secretly act for one party while in the employ of the opposing party and that if he does he forfeits all right to compensation at the hands of the party thus deceived and betrayed. The reason for this just rule ceases, however, if there is no deception and each of the opposing parties are aware of the dual agency. "If having full knowledge of his relations to each, they see fit mutually to confide in him, there can be no legal objection to such an employment, nor will either of the principles be permitted afterwards to escape rsponsibility because of such employment." [Mechem on Agency, sec. 67; Stripling v. Maguire, 108 Mo. App. 594.] The issue in respect to the law thus stated was fully and fairly submitted to the jury and the verdict, being supported by the evidence, we accept as conclusive.

In our statement concerning the answer we have not overlooked the following clause thereof, "defendants for their first amended answer to plaintiffs' petition, deny each and every allegation therein contained except so much thereof as is herein expressly admitted." Such mode of pleading is not allowable under our statute and

has been frequently condemned. [Bliss on Code Pleading, sec. 331; Dezell v. Fidelity Co., 176 Mo. 253, 279; Boles v. Bennington, 136 Mo. 522; Young v. Schofield, 132 Mo. 650; Long v. Long, 79 Mo. 644.] A denial may be a general denial, but as a general denial, it cannot be qualified by unspecific exceptions which leave the opposite party the burden and the risk of finding out what the exceptions are.

The answer closes by alleging that the sale and exchange "was never consummated, by reason of which plaintiffs are not entitled to recover of defendants." We do not regard that as stating any defense. The mere fact that the sale was not consummated without stating some reason is of no consequence. It may have failed by the fault of defendants.

Defendants make a point against the judgment of the following nature: That the hardware stock was owned by them in partnership and the house and lot was owned by them as tenants in common; that the evidence only tends to show that Hopkins had notice of the dual agency of plaintiffs; and while that would be notice to Schrenk as a partner, it was not notice to him as a tenant in common. There is no necessity for going into the question thus raised, for the reason that the evidence conclusively shows that Hopkins was the active party for defendants and represented his co-defendant Schrenk. It is of no consequence how defendants held the property. If one acted for the other he was his agent and notice to him was notice to the other. [Mechem on Agency, secs. 718, 719.]

There was no contention at the trial, so far as the record discloses, of the purchaser not being financially able to carry out his contract and no such issue could arise on the pleadings. No new theories can be advanced which were not presented in the circuit court. The case as made there must limit our consideration here. [Hill v. Drug Co., 140 Mo. 433.]

The whole case as made up was fully and fairly tried and hence we affirm the judgment. All concur.