JOHN A. PETERS, Respondent, v. WILLIAM F. CARROLL, Appellant.

Springfield Court of Appeals, February 6, 1911.

1. DEBTOR AND CREDITOR: Loans: Retaining Part of Loan to Await Perfecting Title. Plaintiff applied to defendant, an agent for a loan company, for a loan of $2000 on certain real estate to secure the loan. In his application for the loan he agreed to furnish an abstract showing perfect title in him to the real estate. It appeared that the title was defective. The agent advanced part of the loan to take up a prior mortgage, but held back the remainder until the title could be perfected. In a suit by plaintiff for this balance it is held that plaintiff could not recover without showing a perfect title, even though the loan company had collected interest on the full amount, but whether the loan company was entitled to recover the interest on the face of the loan is not decided.

2. PRINCIPAL AND AGENT: Agent Acting for Both Parties. Where the parties have knowledge of the agent's relations to each other and see fit mutually to trust him, there is no legal objection to his acting as agent for both parties.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED.

*William F. Carroll, pro se,* appellant.

(1) Agreement to hold money in readiness to loan defendant held to obligate defendant to pay interest during specified period whether he took advantage of the loan or not. Eblen v. Selden (Md.), 59 Atl. Rep. 120. A mortgage to cover future advances is valid. Foster v. Reynolds, 38 Mo. 556. (2) Plaintiff's obligation was to furnish a perfect title of record satisfactory to the counsel of the investment company. Marmaduke v. Martin, 90 Mo. App. 629. (3) The defendant was the

agent of the plaintiff and acted under his instructions, and a written power of attorney. May v. Ins. Co., 72 Mo. App. 286; Robinson v. Jarvis, 25 Mo. App. 427. (4) The demurrer to plaintiff's evidence should have been sustained. Long v. Moon, 107 Mo. 338; 27 Cyc. 1230.

*Thomason & Clark* for respondent.

(1) Appellant testified that he was the agent of respondent. He was therefore bound to act with the utmost good faith toward respondent and any obligation assumed by him antagonistic to respondent's interest was contrary to his duty as respondent's agent, and any contract or agreement made with any other person whereby he agreed to act against the interest of respondent was void as against public policy. He could not under the law act as the agent of respondent and Wells & Adams at the same time. Corder v. O'Neil, 207 Mo. 632; Connor v. Black, 119 Mo. 126; Atlee v. Fink, 75 Mo. 100; DeSteiger v. Hollington, 19 Mo. App. 388; Winter v. Carey, 127 Mo. App. 601. (2) And it matters not whether appellant styles himself a broker, real estate agent, or attorney, this rule applies where his principal is entitled to his care, fidelity or skill in the management of the business entrusted to his care. This rule is of universal application and is not alone confined to the decisions in Missouri, as will be seen by an examination of the followng authorities. Keech v. Bunn, 116 Ill. App. 397; Hafner v. Herron, 165 Ill. 242; Warrick v. Smith, 137 Ill. 504; Scribner v. Collar, 40 Mich. 375; Rice v. Davis (Pa.), 20 Atl. Rep. 513; Lynch v. Fallon, 11 R. I. 311; Rice v. Wood, 113 Mass. 133; Levy v. Spencer, 18 Colo. 532; Meechem on Agency, sec. 953. (3) The trial court did not commit error in directing a verdict for respondent. Appellant admitted both by his pleadings and his testimony that he has in his hands the sum of $140.51 belonging to respondent

that he has not paid to him, and there was, therefore, no issue to be tried by the jury and it was the duty of the court to direct a verdict for respondent.　Ford v. Dyer, 148 Mo. 528; Hoster v. Lang, 80 Mo. App. 234; Crawford v. Stayton, 131 Mo. App. 265.

GRAY, J.—This case was tried in the circuit court of Texas county, resulting in a judgment in favor of the plaintiff, from which the defendant appealed.

The plaintiff alleges in his petition, filed December 27, 1909, that the defendant in 1908, was engaged in the real estate, loan and brokerage business in Van Buren, Mo., as the agent for Wells & Adams, loan brokers of Quincy, Ill.; that plaintiff applied to defendant for a loan of $2000 on certain real estate in Carter county, Mo., owned by the plaintiff; that on January 4, 1909, the defendant accepted the loan and plaintiff delivered to the defendant two deeds of trust upon said property to secure said loan of $2000, and that he placed said deeds upon the records of Carter county, and forwarded the same and the note secured thereby, to Wells & Adams; that the defendant out of the said $2000 paid for plaintiff a prior loan on said land amounting to $1620, and on October 15, 1909, defendant paid to plaintiff the sum of $150, leaving a balance of $230 of the $2000 loan still unpaid, and the defendant refused to pay the same.

The answer was a general denial.　And further defendant admitted that as a broker, he negotiated the loan of $2000 for plaintiff with said Wells & Adams; that in order to secure said loan, the plaintiff made an application in writing, wherein it was stated that he was the owner in fee simple of the land, and that to secure said loan he would execute trust deeds on said property which would be a first lien thereon, and that he would furnish an abstract of title which would show a perfect title in him from the Government down to the date of recording said trust deeds; that the title was

defective, and that Wells & Adams rightfully rejected said title, but forwarded the money to defendant with the understanding that the same was to be paid to plaintiff when the objectionable features of the title had been removed.

The application for the loan was introduced in evidence and fully supported the allegations of the defendant's answer relating thereto. The plaintiff testified that when he made the application for the loan, one Bedell held a first mortgage upon his property, to secure a loan amounting to one thousand six hundred and some odd dollars; that he was anxious to get the money to pay off that encumbrance, as the holder thereof was the owner of lands adjoining his and was anxious to foreclose the mortgage and buy plaintiff's property thereunder; that the defendant told him when the $2000 had been received from Wells & Adams, that he was not authorized to pay it to plaintiff until the title was complete.

Plaintiff also testified he understood there was a three-eights claim out on his land, and that the defendant was trying to get that interest, so as to perfect the title; that defendant told him he would protect him from the Bedell mortgage and assumed the responsibility of using enough of the loan money from Wells & Adams to take up the Bedell mortgage, and thereupon he made an agreement with the defendant that the defendant should hold the balance of the money until the title was fixed and Wells & Adams satisfied.

Plaintiff further testified that he understood that if, for any reason, the defendant was unable to get deeds for the outstanding interests, that an action was to be commenced to quiet title to the premises. Plaintiff further testified, however, that he understood that if deeds could not be procured, something would be done at the May term of court to perfect the title.

The undisputed evidence shows there were numerous defects in the title, and that plaintiff's attention

was called to all of them, and that he agreed that the defendant might hold the balance of the purchase money until the title was perfected according to the contract by which the money was secured from Wells & Adams. Also that defendant proceeded to straighten out the title, and did secure deeds for some of the outstanding interests from heirs who lived in California. In September or October, 1909, the defendant paid to the plaintiff out of the money on hand and retained, the sum of $150, which, together with the amounts previously paid and expenses agreed upon, left due and owing to plaintiff out of the $2000 loan, $140.51, to recover which this suit was instituted.

When the defendant paid to the plaintiff the $150, he notified him that it was going to take further time to perfect the title, and that he would go ahead and do so as attorney for plaintiff, and charge twenty-five dollars therefor, or plaintiff could select his own attorney to bring the suit and perfect the title. Within a short time after the receipt of this letter, the plaintiff instituted this suit.

The above facts are all shown from the plaintiff's own testimony, and in our judgment, the plaintiff was not entitled to recover the money sued for, and the court should so have instructed the jury. Instead of so doing, the court instructed the jury to find for the plaintiff.

It is the contention of plaintiff that the defendant was the plaintiff's agent and could not withhold the money from his principal, and that under no circumstances could he act as the agent of both parties. The plaintiff brought his suit on the theory that the defendant was the agent of Wells & Adams, and must be held to the cause of action stated in his petition. Waiving this point, however, there was nothing in the transaction that prevented defendant from acting as the agent of both parties. If the parties have knowledge of the agent's relation to each and see fit, mutually, to

trust him, there can be no legal objection to his acting for both parties. [Atterbury & Nichols v. Hopkins et al., 122 Mo. App. 172, 99 S. W. 11.]

No advantage has been taken of the plaintiff. His property was encumbered by a mortgage and the holder of it was threatening foreclosure proceedings. He applied, according to his petition to the defendant as the agent of Wells & Adams for a loan to protect his property from sale. The application for the loan was sent to Wells & Adams, and the sum of $2000 was sent to the defendant to be delivered to the plaintiff when his title was perfected. The defendant assumed the responsibility and violated the instructions of Wells & Adams to the extent of advancing to the plaintiff enough money to satisfy the outstanding mortgage, and to protect plaintiff's land from a foreclosure. It was then agreed between the parties that the defendant should hold the balance of the money until the admitted defects in the title had been removed. The defendant proceeded to remove such defects, and after a part of them had been removed, made another payment to the plaintiff out of the money withheld, in the sum of $150, and retained the balance under the contract with plaintiff. While the defects were unremoved, the plaintiff brought this suit for the balance of the money.

Wells & Adams demanded and plaintiff paid interest in full on the $2000 loan, and plaintiff claims that on account thereof Wells & Adams and the defendant are estopped from holding from plaintiff the balance of the loan. We fail to see any force in this contention. The money had been advanced by Wells & Adams and was being retained by the defendant under a contract with plaintiff, until plaintiff could give the title he had contracted to give as security for the loan. Whether Wells & Adams were entitled to recover the interest in full on the loan is not necessary for us to decide in this connection. We only hold that the fact that they did so, did not authorize the plaintiff to institute this suit

to recover the money which he had agreed defendant could retain until he had perfected his title.

We are of the opinion plaintiff is not entitled to recover in this action, and therefore the judgment of the trial court will be reversed. All concur.