LAUREL MILLS v. WARD.*

(Division B.   Dec. 22, 1924.)

[102 So. 263.   No. 24532.]

1. GARNISHMENT. *Money paid to sheriff in satisfaction of execution subject to garnishment.*

Money paid into the hands of a sheriff in satisfaction of an execution is subject to garnishment.

2. STATUTORY PROVISIONS.

Section 1, chapter 146, Laws of 1914 (section 1815, Hemingway's Code), provides that the proceeds of any judgment not exceeding ten thousand dollars, recovered by any person on account of personal injuries, shall inure to the party in whose favor such judgment shall be rendered free from all liabilities for the debts of the person injured.

3. EXEMPTIONS. *Law providing that proceeds of judgment for personal injuries inure to party in whose favor rendered free from liability for debts applicable to residents and nonresidents.*

This section is applicable to both residents and nonresidents of the state.

4. JUSTICES OF THE PEACE. *Judgment in attachment suit for plaintiff affirmed on debt issue on appeal should be against both defendant and sureties on appeal bond.*

Where in an attachment suit which originated in a justice of the peace court judgment was rendered in favor of the plaintiff both on the attachment and on the debt issue, and the defendant appealed; where judgment is rendered in favor of the plaintiff in the circuit court on the debt issue, this judgment should be both against the defendant and the sureties on his appeal bond.

---

*Headnotes 1. Garnishment, 28 C. J., section 91; 2. Exemptions, 25 C. J., section 135 (1926 Anno.); 3: Exemptions, 25 C. J., section 17; 4. Justices of the Peace, 35 C. J., section 686.

APPEAL from circuit court of Jones county, Second District.

HON. R. S. HALL, Judge.

Action by the Laurel Mills against J. W. Ward. From a judgment for defendant, plaintiff appeals. Affirmed in part, reversed in part, and rendered.

*W. S. Welch,* for appellant.

It is well settled in this state that money in the hands of an officer who has collected the same by virtue of an execution, is subject to garnishment in a suit instituted by attachment against the plaintiff in execution. *Burleson* v. *Milan,* 56 Miss. 399.

As to appellee's second contention that the money was not subject to garnishment the statute is very plain that the exemptions embraced in chapter 28, Hemingway's Code, "shall be in favor of residents of this state." Section 1838. It is true that when the statute, embraced in chapter 146, Laws of 1914, was enacted by the legislature,

there was not a clause reserving the exemption for residents of this state, but the statute was embraced in the chapter on exemptions in Hemingway's Code and section 1838 of that chapter reserves the exemptions embraced therein in favor of this state only and the Code was adopted by Act of the legislature (ch. 286, Laws of 1922).  *M. & O. R. R.* v. *Weiner,* 49 Miss. 725.

It has always been the policy of the state of Mississippi to allow exemptions, both from taxation and attachment and garnishment, in favor of residents of the state only, and we submit that it was the intention of the legislature to allow the exemption of money collected for personal injury, only in favor of residents.

Was the appellant precluded from recovery by reason of testimony about the advance in the former hearing? *Hart* v. *Chemical National Bank,* 27 So. 926;  *Laurel Mills* v. *J. W. Ward,* 99 So. 11.

Clearly the claim of appellant against the appellee for the advances totaling ninety dollars could not have been pleaded had appellant attempted to do so.  And an issue is not adjudicated unless it is involved in the record.  It was not presented by the pleadings nor could it have been, and therefore was not adjudicated.  *Scully* v. *Lowenstein & Bro.,* 56 Miss. 652.

*Collins & Collins,* for appellee.

Did the lower court err in holding that the money in question was exempt from attachment and garnishment? It is admitted by all parties that the money in question, and now held by the sheriff, Luther Hill, is the proceeds of the judgment for personal injuries to appellee.  But counsel for appellant contends that because of the fact that appellee is a non-resident of the state that he is not entitled to the benefits of the statute exempting the proceeds of a judgment for personal injuries from attachment and garnishment for his debts.  Exemption laws

are highly favored by the law. *Bank of Gulfport et al. v. O'Neal,* 86 Miss. 45, 38 So. 638. *Dreyfus* v. *Barton,* 98 Miss. 758, 54 So. 254; *Laurel* v. *Turner,* 84 Miss. 432, 36 So. 531. We believe that upon a strict consideration of the statutes this court will decide that the lower court was right in holding that the money in question in this case was exempt from attachment or garnishment. Chapter 146, Laws of 1914; Section 1815, Hemingway's Code.

It is our contention that the legislature in enacting chapter 286, Laws of 1922, did not undertake to adopt Hemingway's Code as the Code of Mississippi, but merely adopted it as a compilation of the statutes of the state. There is a great deal of difference between a compilation of the statutes of the state, and adopting it as the Code of the state. *Ga. Central Railroad Co.* v. *State,* 104 Ga. 831, 31 So. 531, 42 L. R. A. 518.

SYKES, P. J., delivered the opinion of the court.

This cause was by agreement tried before the circuit judge without a jury, upon the following agreed statement of facts:

"It is agreed by and between the plaintiff and the defendant that the following is a true and correct statement of facts in the above styled case, now pending in the circuit court of the second judicial district of Jones county, Miss., and that the said case may be tried by the presiding judge on the said statement, a jury being expressly waived:

"That the plaintiff is a corporation organized under the laws of the state of Mississippi, and domiciled at Laurel, Miss., and the defendant is a nonresident of the state of Mississippi; that the defendant was an employee of the plaintiff, and lived in the city of Laurel, Miss., at one time, and while so employed he suffered a personal injury; that he sued the plaintiff on account of the said

injury, and obtained a judgment against the plaintiff for
the said injury in the sum of one thousand dollars; that
at the time he procured the said judgment he was a non-
resident of the state; that, after the defendant suffered
the said injury, he made application to the plaintiff, and
procured advances from the plaintiff as money loaned
in the sum of ninety dollars; that the said sum has not
been paid to the plaintiff by the defendant; that when
the defendant's case against the plaintiff for damages,
which resulted in a verdict of one thousand dollars, as
aforesaid, was tried, there was testimony before the jury
on the trial of the said case introduced by Laurel Mills,
with reference to the said advances; that the Laurel
Mills did not plead the said advances, totaling the said
sum of $——— as an off-set, nor undertake to reduce
damages by instructions of the court to the jury; that
the said advances were made by said Laurel Mills to said
Ward as follows:    . . .    that the said Ward is a
resident citizen of the state of South Carolina; that the
said judgment of one thousand dollars against the said
Laurel Mills and in favor of the said J. W. Ward was
appealed from by the plaintiff, Laurel Mills, to the
supreme court, with a *supersedeas,* and was affirmed by·
said court and a mandate from said court sent in said
case to the circuit court of Jones county, Miss.; that in
this court the said cause was styled *J. W. Ward* v. *Laurel
Mills,* No. 2017; that in the supreme court of the state of
Mississippi the said case was styled *Laurel Mills* v.
*Ward,* No. 23644, the opinion of the said case being
reported in *Atterbury & Nichols* v. *Hopkins & Schrenk,*
122 Mo. App. 172, 99 S. W. 11; that on the trial of this
case reference to the record in said case No. 23644 in the
supreme court of the state of Mississippi may be made
as often as is necessary, and any pertinent and competent
fact appearing from the said record, particularly the
pleadings and the testimony, with reference to the
advances sued for in this case, may be had and may be

137 Miss.—15.                                          ?

considered by the court in the determination of the
pending cause; that plaintiff, Laurel Mills, would not pay
the said judgment of one thousand dollars rendered
against it, claiming that J. W. Ward owed it at the time
the sum of ninety dollars advanced to him as aforesaid;
that then an execution was issued by the clerk of the
circuit court of Jones county in said case against the said
Laurel Mills for one thousand dollars, with interest and
damages, and the sheriff of Jones county armed with
said execution made demand upon the said Laurel Mills
for said judgment, whereupon the said Laurel Mills paid
over to the sheriff, in order to prevent a levy upon its
property, the amount of the said judgment, with interest
and costs; that then the Laurel Mills instituted this its
suit by attachment in the justice of the peace court of
beat No. 2 of Jones county, Miss., against J. W. Ward
for the said sum of ninety dollars advanced him, as
aforesaid, the said J. W. Ward being then and there a
nonresident of the state of Mississippi; that the only
property of the said J. W. Ward found by the constable
was the money paid over to the sheriff under execution
in the said case of *J. W. Ward* v. *Laurel Mills,* and a writ
of garnishment was served on the sheriff, Luther Hill,
who held the said money under the said writ of execution;
that the sheriff answered the said garnishment, admitting
having the said funds in his hands, and reference to the
said writ of garnishment and answer is here made, and
the same may be considered as evidence in this cause;
that the defendant filed a plea in abatement in the attach-
ment suit in the justice court, defending the said suit on
the grounds that the money in the hands of the sheriff
was *in custodia legis,* and not subject to attachment or
garnishment, and further claimed that the said money
was exempt under chapter 146, Laws of 1914, exempting
all money recovered on account of personal injury, and
further claimed that the matter was *res adjudicata,*
having been adjudicated in the original suit, herein

referred to; and that the said trial in the justice court resulted in judgment for the plaintiff, Laurel Mills, and that the defendant has appealed, and the case is to be decided here upon three propositions, namely: (1) Is the matter *res adjudicata?* (2) Were the funds *in custodia legis* or subject 'to attachment or garnishment? (3) Were the funds exempt because of being money received on account of personal injuries?''

The learned circuit judge rendered a judgment in favor of the defendant, Ward, on both the attachment and the debt issues, from which judgment this appeal is here prosecuted.

In this agreed statement of facts three questions were submitted to the circuit judge for adjudication. We shall take up and decide these questions as presented in the agreed statement of facts.

First. Is the matter *res adjudicata?* In the damage suit of *Ward* v. *Laurel Mills,* the mill filed no claim asking that this amount be set off against the claim of Ward, or that it be credited with this amount on any judgment Ward might recover. Neither was any such request made in the instructions granted the defendant in that cause. From which it follows that this question was not adjudicated in that case.

Second. Were the funds *in custodia legis* or subject to attachment or garnishment? That these funds are subject to garnishment was decided by this court in the case of *Burleson et al.* v. *Milan,* 56 Miss. 399.

Third. Were the funds exempt because of being money received on account of personal injuries? Section 1 chapter 146, Laws of 1914 (section 1815, Hemingway's Code), provides that the proceeds of any judgment not exceeding ten thousand dollars, recovered by any person on account of personal injuries sustained shall inure to the party in whose favor such judgment shall be rendered free from all liabilities of the debts of the person injured. This act upon its face applies to both residents and non-

residents of the state. This act does not appear in the Code of 1906, consequently section 2162 of the Code of 1906 (section 1838, Hemingway's Code), which provides that the exemptions in this chapter shall be allowed in favor of residents of this state only, does not apply to this act.

The fact that the legislature, by chapter 286, Laws of 1922, adopted an act that Hemingway's Code be adopted as an official compilation of the statutes of the state of Mississippi, and be received as the statute law, does not make section 1838, relating to residents, apply to chapter 146. Hemingway's Code by the act of the legislature is an official compilation of the statutes. It has not been adopted as the Code of Mississippi. See act of adoption of the Code of Mississippi sections 1 to 6 (Code 1906, p. 135). Section 1838, Hemingway's Code, only relates to and limits those sections found in the Code of 1906. This money is therefore exempt to the appellee, Ward, under this act.

On the debt issue, however, under the agreed statement of facts, Ward is indebted to the appellant, Laurel Mills, for the amount sued for, namely, ninety dollars. Judgment was rendered for this amount in favor of the appellant in the justice of the peace court, and the appellee Ward appealed to the circuit court. The circuit court should have rendered judgment in favor of the appellant against Ward and his bondsmen for this amount. To this extent only the judgment of the lower court is reversed, and judgment for appellant entered here.

*Affirmed in part, reversed in part, and judgment here.*