Verne D. WHITTLESEY and Marie J. Whittlesey, Plaintiffs-Appellants,

v.

Hobert F. SPENCE and Ura Marie Spence, Defendants-Respondents.

No. 8852.

Springfield Court of Appeals.

Missouri.

March 11, 1969.

John R. Miller, Lamar, for plaintiffs-appellants.

Frieze & Crandall, Carthage, for defendants-respondents.

FRANK W. HAYES, Special Judge.

Appellants filed their action in the Circuit Court of Jasper County, Missouri, and on change of venue the case went to Newton County, Missouri. By their third amended petition in that circuit court, they sought to rescind a certain real estate sale and to recover the $10,000 paid thereunder on the ground of fraudulent misrepresentation by respondents. The trial court found the issues in favor of respondents and appellants appeal.

The respondents had listed certain real estate, referred to here as the Spence farm, with the Southwest Agency, a real estate agency of Carthage, Missouri. The appellants came to Carthage from the State of California seeking to buy a farm, and were referred to Max Roux, an employee of the

Southwest Agency. Roux took appellants to see certain farms in Jasper County but none seemed to suit appellants. A few days later, appellants returned to the agency and were taken by "Doc" Holliday to see the Spence farm. Appellant Verne Whittlesey walked over the farm with respondent Hobert F. Spence and they discussed the fact that two 105-foot strips on each side of Highway I-44 had been previously deeded away.

The parties, apart from any realtor or agent, entered into an oral contract whereby respondents sold the Spence farm, subject to the above strips and certain easements, to appellants for $35,000. Appellants were to pay $10,000 cash, assume a first mortgage for $10,000 and give a second mortgage for $15,000. After agreeing upon the above terms, appellants and respondents agreed to go to the Southwest Agency and have Max Roux, who was in no way involved in negotiating the sale, draw the contract. The parties went to Roux's office on May 11, 1965, informed him of the terms of the sale, and requested him to draw the contract. Roux drew the contract according to terms given him by the parties, and gave copies of the executed contract to appellants and respondents, which they took with them.

All of the parties knew that respondents' farm had been listed with the Southwest Agency. Appellants knew that Roux was an employee of the agency and had contacted him prior to having met the respondents or being shown the Spence farm. Appellants requested Roux to send the abstract to an attorney for examination. Roux sent the abstract to an attorney who furnished a written opinion to Roux addressed to appellants. On June 28, 1965, appellants and respondents went to Roux's office to close the deal. Roux laid a copy of the opinion on a table in front of appellants. Whether the opinion was read by appellants is not shown. The opinion showed that title was subject to pole and line permits in favor of Empire District Electric Company. The opinion also referred appellants to the deed conveying the two 105-foot strips on I-44 to Clayton E. Smith and the easements reserved in

connection therewith about which easements appellants now complain. The opinion gave the book and page numbers of recordings for reference by appellants. The appellants apparently ignored their lawyer's opinion and the fact that appellant Verne Whittlesey saw the presence and location of the poles and lines. They claim they relied wholly on Roux's statement in accepting the title. At the time of closing the sale, appellant Verne Whittlesey asked Roux what was the condition of the title and Roux replied, "It looks all right to me."

Appellants contend that such statement is a representation of fact, that it was false and fraudulent, that they believed it and relied on it to their detriment. They now contend that the title was defective because of the pole-line permits to the Empire District Electric Company and the easements granted to Clayton E. Smith in connection with the conveyance of the two 105-foot strips on I-44, this easement being subject to relocation in the event that future highway changes should prevent Smith from having reasonable access to said strips.

Two questions are presented on this appeal. First: Is the statement by Roux, "It looks all right to me," a mere expression of a legal opinion and conclusion by a layman and not actionable, and second: Was Max Roux a dual agent of the parties at the time he made the statement?

■ This being a case in equity for the rescission of a real estate contract, it is the duty of the court to review the case de novo and, in doing so, this court will weigh the competent evidence and reach its own conclusions as to the facts, giving due regard to the more favorable position of the trial court to judge the credibility of witnesses. Euge v. Blase, Mo., 339 S.W.2d 807; Fisher v. Miceli, Mo., 291 S.W.2d 845; Blanke v. Miller, 264 Mo. 797, 268 S.W.2d 809; Nixon v. Franklin, Mo., 289 S.W.2d 82; Cannon v. Bingman, Mo.App., 354 S.W.2d 894.

■ Mere expression of opinion that one's title is good will not amount to fraud

even though the title should turn out to be worthless and such expressions, as distinguished from a representation of an existing fact, are not actionable as fraud. Herman v. Hall, 140 Mo. 270, 41 S.W. 733, 734; Herzwurm v. Mound City Cab Co., Mo. App., 290 S.W.2d 203; Budd v. Budd, 233 Mo.App. 377, 122 S.W.2d 402; Wood v. Robertson, Mo., 245 S.W.2d 80.

In Nixon v. Franklin, supra, 289 S.W.2d at 89, it is said:

> " 'Of course, no one questions that a mere expression of an opinion that one's title is good will not amount to a fraud even if it should turn out worthless, but it is equally well settled that a statement of a material fact for the purpose of inducing another to act upon it implies that the person who makes it knows it to exist and speaks from his own knowledge. If the fact does not exist, and the party states it as of his knowledge that it does, and induces another to act upon his statement to his injury, the law will impute to him a fraudulent purpose.' "

█ The court is of the opinion that the words, "It looks all right to me," were the expression of an opinion and conclusion of law made by the layman, Max Roux, and were not such a representation of fact as is required to support an action for fraudulent misrepresentations.

In Whittington v. Beck, 196 Ark. 517, 118 S.W.2d 861, 864(2), the court held that a statement by vendor to a prospective purchaser that the deed under which vendor held "was the best deed in the world" was merely an expression of an opinion and not actionable.

In McClure v. May, Tex.Civ.App., 217 S.W.2d 44, 46(1), the court held, in trying title to land, that testimony of owner that she "thought that her aunt owned such tract" was incompetent as a mere expression of opinion and conclusion.

In Southern Iron & Equipment Co. v. Smith, 257 Mo. 226, 165 S.W. 804, 807(2),

it was held that statements that engines were in "good condition," "first-class condition" and "first-class order" constituted conclusions instead of facts.

In Dortch v. Sherman County, Tex.Civ. App., 212 S.W.2d 1018, 1023(12), in an action involving the question whether a county had acquired a public road by prescription, testimony that "road in question was not a public road" was inadmissible as expressing a mere opinion of the witness.

█ The rule is announced in 91 C.J. S. Vendor & Purchaser § 63, p. 921, as follows:

> "Even though the opinion is not well founded, fraud affecting the validity of the sale of real estate cannot be based on the mere expression of an opinion as to one's title, such as the expression of an opinion by one dealing with real estate as to the title he purports to convey, truthfully stated or equally within the knowledge of both parties, or the mere expression of a belief or opinion as to the goodness of the vendor's title, without affirmation as a fact that it is good; but ordinarily the rule of caveat emptor applies in the absence of fraud, mistake, or overreaching, and except as otherwise provided by statute. A false representation by the vendor of the fact of title to, or ownership of, land is, however, capable of serving as a ground for avoidance of the sale. It has been held that a representation that the vendor has good title is not a representation of fact, but simply a legal opinion and hence not a ground of fraud, where there is neither concealment nor misrepresentation as to any matter of fact affecting the title and the history thereof is on the records  *  *  *."

█ Here there was no concealment or misrepresentation of fact. The history and existence of the defects of title were of record and imparted notice. V.A.M.S. § 442.-390. The appellant Verne Whittlesey upon his inspection of the farm actually saw the poles and lines. The existence and record-

ings of the various easements were called to his attention by the opinion of his examining attorney. He ignored the opinion. As is said in Wood v. Robertson, supra, 245 S. W.2d at 84:

"* * * [B]ut the courts will not protect those who, with full opportunity to do so, will not protect themselves. And where the means of knowledge are at hand and are equally available to both parties and the subject matter is alike open to their investigation, if one of them does not avail himself of those means and opportunities he will not be heard to say he was deceived by the other party's misrepresentation, if there be no confidential relationship between the parties and if no fraudulent devices have been practiced upon the one alleged to have been defrauded to induce him to refrain from making an inquiry, or to anesthetize his sense of caution."

The respondents personally did not commit any fraud and did not make any statement to appellants regarding the condition of the title to the Spence farm. There was no confidential relationship existing between appellants and respondents. The statement, "It looks all right to me," referring to the title, was made by Max Roux. Roux served both parties in preparing the contract and other papers relating to the transaction. As an employee of the Southwest Agency, he was the agent of respondents for the purpose of selling the farm and the agent for appellants for the purpose of securing an attorney to examine the abstract of title. Thus, he was the dual agent of the parties with their knowledge and apparent consent. Assuming that the above statement was a representation of a fact, which the court denies, it was made by appellants' own agent and such statement would not support an action of fraud against respondents.

The rule as to dual agency is well stated in Fuchs v. Leahy, 321 Mo. 47, 9 S. W.2d 897, 900, where it is said:

"'Where two or more principals employ the same agent, whether as a means of dealing with one another or to protect their common interests, one cannot charge the other not actually at fault with the misconduct of the common agent. The latter owes no more duty to one than to the other; each of the principals is under an equal duty to supervise the agent and to protect his own interest, and there is no reason why the misconduct of the agent should be imputed to one principal rather than to the other.' 2 Mechem on Agency (2d Ed.) § 2140."

It is also stated in T. J. Moss Tie Co. v. Stamp, Mo.App., 25 S.W.2d 138, 141(7, 8):

"There is nothing new or unusual about the proposition that the agent of one party for a definite purpose may also represent the other party for another and different purpose, where the respective interests are not conflicting and the exercise of no discretion is involved. Aiple-Hemmelmann Real Estate Co. v. Spelbrink, 211 Mo. 671, 111 S.W. 480, 14 Ann.Cas. 652; Peters v. Carroll, 153 Mo.App. 375, 134 S.W. 49. Furthermore, where two or more principals employ the same agent, the misconduct of the agent cannot be imputed to any one of the principals who is not actually at fault, since each of the principals is under an equal duty to supervise the agent, and protect his own interest. Fuchs v. Leahy (Mo.Sup.) 9 S.W. 2d 897."

In the instant case, appellants charged fraud as the basis for the relief sought. The burden was upon them to prove their case by clear, cogent and convincing evidence. Euge v. Blase, supra, 339 S.W.2d at 810(1); Cannon v. Bingman, supra, 354 S.W.2d at 900(3). This they have failed to do. The court finds the issues in favor of the respondents and against the appellants and rules that the words, "It looks all right to me," referring to the title of the real estate, were not a representation of a fact and are not actionable and that they were uttered by the dual agent of

the parties and, therefore, would not support an action of fraud in favor of appellants and against the respondents.

Affirmed.

HOGAN, P. J., and STONE and TITUS, JJ., concur.